469 F.2d 666
 David McCRARY, Plaintiff,
v.
SEATRAIN LINES, INC., a corporation, Defendant.
HUDSON WATERWAYS CORPORATION, a corporation, Third-Party
Plaintiff and Appellee,
v.
MARINE TERMINALS CORP., a corporation, Third-Party Defendant
and Appellant.
 No. 26834.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 1, 1972.
 
 John Scott Matthew (argued), of Sikes, Pinney & Matthew, North Hollywood, Cal., for appellant.
 Kenneth R. Chiate (argued), Gordon K. Wright, of Lillick, McHose, Wheat, Adams & Charles, Los Angeles, Cal., for appellee.
 Graydon S. Staring, San Francisco, Cal., Lillick, McHose, Wheat, Adams & Charles, Los Angeles, Cal., for amicus curiae: States Steamship Co. & American President Lines, Ltd.
 Before BROWNING and GOODWIN, Circuit Judges, and PLUMMER, District Judge.*
 ALFRED T. GOODWIN, Circuit Judge:
 
 
 1
 An injured longshreman brought an action against a shipowner, alleging unseaworthiness, diversity of citizenship, and damages in excess of $10,000. The shipowner thereupon filed a third-party complaint for indemnity against the stevedoring company, employer of the injured workman, incorporating the original complaint by reference. In its answer the stevedoring company demanded trial by jury.
 
 
 2
 During the pretrial stages of this triangular litigation the injured workman settled his claim with the shipowner, leaving only the indemnity claim to be tried. At a pretrial conference, the district judge indicated that he would try the indemnity claim without a jury. After hearing further argument on the stevedoring company's demand for a jury, the court tried the case without a jury, and found in favor of the shipowner. The stevedoring company appeals, protesting the denial of trial by jury.
 
 
 3
 In the district court, the stevedoring company contended that the case was before the court under diversity jurisdiction; that its demand for a jury was timely and proper; and that the court had no power to deny trial by jury. The stevedoring company relied upon Banks v. Hanover Steamship Corporation, 43 F.R.D. 374 (D.Md.1967).
 
 
 4
 The shipowner primarily contended that under Fed.R.Civ.P. 9(h) its claim was cognizable only in admiralty, and that under Rule 38(e) there is no right to a jury trial in an admiralty case. Alternatively, it suggested that if admiralty jurisdiction were not already present it had the unqualified right under Rule 15(a) to amend its third-party complaint with a Rule 9(h) statement identifying its claim as one arising in admiralty.
 
 
 5
 Both sides were claiming too much.
 
 
 6
 The district judge determined that the indemnity claim of the shipowner did lie solely in admiralty, and rejected the stevedoring company's motion for a jury trial. Having determined that the action would be tried without a jury, the district judge then rejected the shipowner's motion to amend its complaint to include the Fed.R.Civ.P. 9(h) language designating the claim as a maritime claim, apparently in the belief that the amendment would be redundant.
 
 
 7
 The third-party claim of the shipowner, however, did not lie solely in admiralty. It was ancillary to the injured workman's diversity action. Therefore, denying the motion for jury trial was incorrect on the pleadings as they stood at the time the district judge ruled. But this does not end the matter. The motion to amend the shipowner's third-party complaint could have been allowed under the principles of Fed.R.Civ.P. 15. The stevedoring company did not show any prejudice that would be incurred if the amendment were allowed. The stevedoring company merely contended that the court had no power to permit an amendment which would deprive it of jury trial, citing Banks v. Hanover Steamship Corporation, supra
 
 
 8
 We hold that the district court did have such power. The statement in Fed. R.Civ.P. 9(h) that "amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15" should be honored. We reject any implications to the contrary in Banks v. Hanover Steamship Corporation. A shipowner has the right, if exercised by a timely designation, to assert through Rule 9(h) recourse to traditional admiralty practice and thus to obviate the jury trial on the third-party claim.
 
 
 9
 In this case, the shipowner made a timely effort to amend, and the net result of the procedure followed was the same as if the motion and amendment had been allowed. Accordingly, there is no point in remanding the cause to the district court with instructions to exercise its discretion in the matter of the shipowner's motion to amend. The district court indicated in its colloquy with counsel the direction in which it would move upon such a remand, and the result of the entire procedure would be no different than the present judgment.
 
 
 10
 Affirmed.
 
 
 
 *
 The Honorable Raymond E. Plummer, Chief Judge, United States District Court for the District of Alaska, sitting by designation