Sam H. JOHNSON, Plaintiff-Appellee,

v.

PENROD DRILLING COMPANY,
Defendant-Appellant.

James L. STARNES, Plaintiff-Appellee,

v.

PENROD DRILLING COMPANY,
Defendant-Appellant.

Nos. 71-2243, 71-2245.

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1972.

As Amended on Denial of Rehearing and Rehearing En Banc March 29, 1973.

---

John M. Smith, Longview, Tex., Mat M. Gray, III, New Orleans, La., for Penrod Drilling Co. in No. 71–2243.

Scott Baldwin, Marshall, Tex., Joseph D. Jamail, Houston, Tex., for Sam H. Johnson.

Sam B. Hall, Jr., Marshall, Tex., Mat M. Gray, III, New Orleans, La., Joseph W. Milner, Shreveport, La., for Penrod Drilling in No. 71–2245.

Scott Baldwin, Marshall, Tex., Joseph D. Jamail, Gus Kolius, Houston, Tex., for James L. Starnes.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

These two actions[1] for personal injuries under the Jones Act, Title 46,

---

[1]. The actions were separate, were separately tried below by the same district judge, and come to us by separate appeals, although orally argued on the same date. Because of identity of issues involved we find it appropriate to dispose of them by a single opinion.

United States Code, Section 688, are making their second appearances in this Court. In a 1969 interlocutory appeal, we held that, under the special venue provisions of the Jones Act, plaintiffs Johnson and Starnes could maintain their suits against the shipowner-employer, Penrod Drilling Company (a partnership which conducts a multistate operation, hereinafter Penrod) in the Eastern District of Texas, a district in which the partnership did business although the partnership's principal office was not located in that district and no partner resided in that district. Penrod Drilling Company v. Johnson and Starnes, 5 Cir. 1969, 414 F.2d 1217, cert. denied 1970, 396 U.S. 1003, 90 S.Ct. 552, 24 L.Ed.2d 495. Today we hold that the district court in each action deprived Penrod of its Seventh Amendment right to trial by jury when it afforded retrospective application to the plaintiffs-appellees' amendments to their complaints stating claims within the district court's admiralty and maritime jurisdiction. This necessitates reversal of the judgments entered below and remands for further proceedings.

APPEAL NO. 71–2243, PENROD v. JOHNSON

On January 12, 1965, while employed as a member of the crew of an amphibious drilling rig barge owned and operated on internal navigable waters of Louisiana by defendant Penrod, plaintiff-appellee Sam H. Johnson (Johnson) sustained personal injuries in an accident aboard the vessel. Johnson brought suit below against Penrod for damages on August 30, 1966, alleging both diversity of citizenship and Jones Act jurisdiction, and an amount in controversy in excess of $10,000.00. The complaint alleged negligence of the defendant and that the vessel was unseaworthy. A separate demand for trial by jury was filed by Johnson with the complaint.

The complaint was timely answered by Penrod and there matters stood for more than three years, without further pleadings.

Following our affirmance as to venue, supra, Johnson filed an amended complaint on February 23, 1970, paragraph I of which alleged: "This cause is brought under the Admiralty and Maritime jurisdiction of this Court pursuant to the provisions of Rule 9(h) of the Federal Rules of Civil Procedure". The amended complaint did not seek to withdraw the demand for jury trial. It was not mentioned.

The district court, on February 23, 1970, issued an omnibus order at a preliminary pre-trial conference. Paragraph 8 directed: "That at the final pre-trial conference, the attorneys for the parties submit: . . . (b) separately prepared proposed findings of fact and conclusions of law".

On September 2, 1970, Penrod moved for a jury trial pursuant to Rule 38(d), F.R.Civ.P. The motion asserted Johnson's original demand for jury trial, that Penrod had not consented to withdrawal of the demand, and that the jury trial demand was made prior to the amendment of the complaint to state a claim under Rule 9(h) of the Rules.

Both Johnson and Penrod, on September 3, 1970, as directed by the court's February 23 order, submitted proposed findings of fact and conclusions of law to the district court. The case went to trial without a jury on September 17, 1970. The following day Johnson filed with leave of court another amended complaint together with additional proposed findings of fact and conclusions of law seeking increased damages. On September 25, 1970, after the non-jury trial ended September 18, both parties submitted supplemental proposed find-

ings of fact and conclusions of law and on September 29, 1970, Johnson filed still another amended complaint alleging a Jones Act cause of action and citing Rule 9(h).

The district judge rendered his findings of fact and conclusions of law on February 17, 1971, finding for Johnson as to liability. He deducted 20% of the assessed damages based upon the plaintiff's contributory negligence. Judgment was entered on March 22, 1971, for Johnson and against Penrod in the amount of $307,890.26, together with interest at the rate of 6% per year from the date of judgment. Penrod moved for a new trial, which motion was denied on May 3, 1971. Notice of this appeal timely followed.

APPEAL NO. 71–2245, PENROD v. STARNES

Plaintiff-appellee James L. Starnes (Starnes) was employed as a member of the crew of the W. O. Woodward, a Penrod owned and operated offshore drilling barge located fifty miles offshore in the Gulf of Mexico. On May 3, 1966 he sustained personal injuries in an accident aboard the vessel. Starnes brought suit against Penrod in the lower court on December 1, 1966, alleging both diversity of citizenship and Jones Act jurisdiction, and an amount in controversy in excess of $10,000.00. The date suit was filed Starnes also filed and served separately his demand for trial by jury. This case was jointly appealed with *Johnson* on the venue question, Penrod Drilling Company v. Johnson and Starnes, supra, with of course the same result.

The district court shortly after receiving our mandate in the prior appeal, held a preliminary pre-trial conference on February 23, 1970 and thereupon issued an order, paragraph 8 of which directed: "That at the pre-trial conference, the attorneys for the parties submit: . . . (b) separately prepared proposed findings of fact and conclusions of law".

Starnes filed an amended complaint on March 27, 1970. This complaint did not mention a demand for jury trial and did not cite the Jones Act. Paragraph I of the amended complaint alleged: "This cause is brought under the Admiralty and Maritime jurisdiction of this Court pursuant to the provisions of Rule 9(h) of the Federal Rules of Civil Procedure". On August 10, 1970, Starnes filed a second amended complaint again alleging a claim under Rule 9(h) and referring to the Jones Act as a basis for recovery. Again the matter of jury trial was not mentioned in the complaint.

On September 3, 1970, in compliance with the trial court's February 23 order, Starnes submitted his proposed findings of fact and conclusions of law. On September 11, 1970, Penrod submitted its proposed findings and conclusions.

Precisely as it did in *Johnson*, Penrod moved for jury trial on all issues. The motion recited the pleadings previously filed by Starnes and went on to assert: "The defendant states that the plaintiff should not be allowed to withdraw its demand for a jury trial by an amendment of the pleadings in the manner in which the complaint has been filed, and that the defendant is entitled to a jury trial on all issues of this case".

The case went to trial without a jury on September 18, 1970, the trial being concluded on September 22, 1970. The district court rendered its findings of fact and conclusions of law in favor of Starnes on February 22, 1971, with no

reductions in the award of damages on account of Starnes' contributory negligence. On March 9, 1971, Penrod moved for a jury trial on all issues and that same day the district court overruled the motion nunc pro tunc, reciting that a motion by Penrod for jury trial on all issues had been heard and considered by the court on September 11, 1970. Judgment was entered in favor of Starnes and against Penrod on March 9, 1971, in the amount of $469,457.43, together with interest at 6% per annum from the date of judgment. Penrod's motion for a new trial was heard and overruled on May 10, 1971, and notice of this appeal followed on May 28, 1971.

## THE JURY TRIAL ISSUE

Our resolution of the jury trial issue presented by these appeals requires that we attempt a reconciliation of apparently conflicting provisions of the Federal Rules of Civil Procedure. In this connection, we have found no appellate decisions dealing with the precise question raised here.

The Seventh Amendment to the United States Constitution states:

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

Rule 38 of the Federal Rules of Civil Procedure in pertinent part provides:
"(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

\*　　\*　　\*　　\*　　\*　　\*

(e) Admiralty and Maritime Claims. These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9 (h)."

Rule 39(a) controls when demand for jury trial occurs:

"(a) By Jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States".

Subdivision (h) was added to Rule 9 of the Federal Rules of Civil Procedure with the 1966 unification of civil and admiralty procedures, effective July 1, 1966. We quote Rule 9(h) as it emerged after amendments effective July 1, 1968 and July 1, 1970:

"Admiralty and Maritime Claims. A pleading or count setting forth a

claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. The reference in Title 28, U.S.C. § 1292(a)(3), to admiralty cases shall be construed to mean admiralty and maritime claims within the meaning of this subdivision (h)."

The relation back of amendments to pleadings is dealt with in Rule 15(c):

"Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. . . ."

■ As we have noted earlier in this opinion, prior to the amendments filed below alleging admiralty and maritime claims under Rule 9(h), each of the complaints involved on this appeal asserted jurisdiction both by reason of the Jones Act and on diversity of citizenship grounds. In addition, and of critical importance, prior to the Rule 9(h) amendments, each plaintiff had demanded trial by jury. The addition of the Rule 9(h) statement in each case could only have been designed to achieve one result: the withdrawal of the plaintiffs' demands for jury trials. The issue on these appeals, restated in technical terms, becomes therefore: Could the plaintiffs, through the device of amending their complaints to state admiralty and maritime claims under Rule 9(h), effectively withdraw their demands for jury trials without compliance with the specific procedures set forth in Rule 39(a) for the withdrawal of such demands?

Starnes and Johnson argue that such withdrawals are permissibly accomplished without compliance with Rule 39(a) and they refer us to the Notes of the Advisory Committee on Rules for the 1966 Amendment. In discussing the impact of the new Rule 9(h), the Advisory Committee observed that one of the significant differences between a civil action and an admiralty action is the right to trial by jury in the former action and the absence of such a right in the latter. It then stated:

"Other methods of solving the problem were carefully explored, but the Advisory Committee concluded that the preferable solution is to allow the pleader who now has power to determine procedural consequences by filing suit in admiralty to exercise that power under unification, for the limited instances in which procedural differences will remain, by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim.

"The choice made by the pleader in identifying or in failing to identify his claim as an admiralty or maritime claim is not an irrevocable election. The rule provides that the amendment of a pleading to add or withdraw an identifying statement is subject to the principles of Rule 15."

Penrod, on the other hand, contends that the plaintiffs could not effectively withdraw their demands for jury trials in the absence of compliance with Rule 39(a) and that it is clear that no such compliance has taken place in these cases.

Penrod relies heavily upon Banks v. Hanover Steamship Corporation, D.Md. 1967, 43 F.R.D. 374. *Banks* reports with respect to three separate actions brought by three longshoremen against shipowners for negligence and unseaworthiness. In each case the shipowner filed a third-party complaint for indemnity against the employer-stevedoring company. Each of the third-party defendants (stevedoring companies) sought trial by jury as to all or some of the issues, but the longshoremen and the shipowners preferred non-jury trials. Of the three actions reported under *Banks* the case procedurally most similar to the cases now at bar was Korzun v. N. Y. Stoomv. Maats Nederland v. Jarka Corp., Civil No. 16800. In *Korzun*, the plaintiff-longshoreman filed suit prior to July 1, 1966, the effective date of the unification of the civil and admiralty dockets. The complaint asserted a civil action based upon diversity of citizenship. Neither the plaintiff nor the shipowner demanded a jury trial, but the stevedore third-party defendant filed with its answer a demand for jury trial on all issues. Consequently, as the district court noted, the longshoreman sought leave to amend his complaint:

"In a further effort to avoid a jury trial on the issues raised by the original complaint and answer, plaintiff seeks leave under Rule 15 to amend its complaint to strike the paragraph alleging diversity jurisdiction and to add a statement pursuant to Rule 9(h), identifying the claim as an admiralty and maritime claim. Rule 15 permits the requested amendment at this time 'only by leave of court or by written consent of the adverse party', but 'leave shall be freely given when justice so requires.' . . . The proposed amendment is opposed both by defendant and by third-party defendant.

"A request to amend a complaint by adding such an identifying statement

is subject to the provisions of Rules 15, 38 and 39 . . . . The Court's discretion under Rule 15 should be governed by the principles stated in Rules 38 and 39 and the cases applying those principles . . .

"The Court concludes that leave to file the proposed amendment should not be granted, because its only purpose is to deprive the third-party defendant of the jury trial which third-party defendant has demanded." (citations and footnotes omitted). 43 F. R.D. at 380.

Although *Banks* is clearly distinguishable both factually and procedurally from the two matters now before us, we believe that the Maryland district court opinion properly reconciled the provisions of Rule 9(h) with those of Rules 38 and 39, with due regard to the constitutional aspects of the pleading problem presented to it. Rule 38 unhesitatingly affirms that the Seventh Amendment's guarantee of the right to trial by jury in federal civil cases "shall be preserved to the parties inviolate". Rule 38(a), supra. The procedure set forth in Rule 39(a) for transferring an action from a district court's jury docket to its non-jury docket gives explicit recognition to the quasi-constitutional privilege of the party who did not originally demand trial by jury to rely upon the jury trial demand made by the adverse party. We therefore hold that the district court erred when it transferred these two actions from its jury docket to its non-jury docket without first obtaining Penrod's Rule 39(a) consent to the transfers because the two transfers constituted violations of Penrod's Seventh Amendment right to trial by jury.

█ Johnson and Starnes press a fall-back argument upon us in support of the district court's transfer actions. They claim that Penrod tacitly consented to the transfers to the non-jury dock-

et by submitting proposed findings of fact and conclusions of law to the district court before and after the non-jury trials. Penrod responds by pointing out that it had been directed by the district court to submit the proposed findings and conclusions and that it filed demands for jury trial before trial in each case.

We find no substance in this position asserted by the appellees. Penrod was left no option but to submit the proposed findings and conclusions as the trial judge directed. It had unequivocally made clear its desire for trial by jury in each case in advance of trial. Penrod did not in our view in either case take any position which may be construed as tacit consent to proceed without a jury. It did nothing to constitute a waiver of its right to jury trial.

## PROCEEDINGS FOLLOWING REMAND

Our conclusion that the district court in each case deprived Penrod of its Seventh Amendment right to a trial by jury requires reversal of the judgments entered below with directions that new trials be held before juries unless Penrod consents under Rule 39(a) to non-jury proceedings. In the interest of husbanding judicial time we direct that in the event of retrials of these cases before juries, jury instructions concerning the discount rates to be applied to amounts allowed as damages for loss of future earnings should conform with the decision of the Supreme Court of the United States in Chesapeake & Ohio Railway v. Kelly, 1916, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117, and our decision in Blue v. Western Railway of Alabama, 5 Cir. 1972, 469 F.2d 487, certiorari denied, February 26, 1973, —— U.S. ——,

93 S.Ct. 1422, 35 L.Ed.2d ——. With regard to the selection of the proper reduction factor for computing the present cash value of future earnings the Supreme Court in Kelly, 241 U.S. at 490–491, 36 S.Ct. at 632, 60 L.Ed. at 1122, stated:

"Local conditions are not to be disregarded, and besides, there may be cases where the anticipated pecuniary advantage of which the beneficiary has been deprived covers an expectancy so short and is in the aggregate so small that a reasonable man could not be expected to make an investment or purchase an annuity with the proceeds of the judgment. But, as a rule, and in all cases where it is reasonable to suppose that interest may safely be earned upon the amount that is awarded, the ascertained future benefits ought to be discounted in the making up of the award.

"We do not mean to say that the discount should be at what is commonly called the 'legal rate' of interest; that is, the rate limited by law, beyond which interest is prohibited. It may be that such rates are not obtainable upon investments on safe securities, at least, without the exercise of financial experience and skill in the administration of the fund; and it is evident that the compensation should be awarded upon a basis that does not call upon the beneficiaries to exercise such skill, for where this is necessarily employed, the interest return is in part earned by the investor rather than by the investment. This, however, is a matter that ordinarily may be adjusted by scaling the rate of interest to be adopted in computing the present value of the future benefits;

it being a matter of common knowledge that, as a rule, the best and safest investments, and those which require the least care, yield only a moderate return."

■ In the event that either or both of these cases are retried before the court in non-jury proceedings upon a consent thereto by Penrod under Rule 39(a), F.R.Civ.P. *Kelly* and *Blue* should be the district court's guides in computing the present value of future lost earnings.

### CONCLUSION

The judgments of the district court in both No. 71–2243 and No. 71–2245 are reversed and the causes are remanded for further proceedings consistent with this opinion.