**FRUIN–COLNON CORPORATION,**
Plaintiff,

v.

**M. G. TRANSPORT SERVICE,**
INC., Defendant.

No. 77–5006.

United States District Court,
S. D. Illinois, S. D.

Aug. 29, 1978.

John D. Schneider, Boas, Schneider & Walsh, St. Louis, Mo., Charles W. King, Edwardsville, Ill., for plaintiff.

Fritz G. Faerber, Lucas & Murphy, St. Louis, Mo., Malcolm D. Durr, Alton, Ill., for defendant.

## MEMORANDUM ORDER

J. WALDO ACKERMAN, District Judge.

This is an action originally brought by the plaintiff, Fruin-Colnon Corporation, in the Third Judicial Circuit Court, Madison County, Illinois. Plaintiff's original complaint sounds in negligence concerning an alleged collision of a vessel owned and operated by defendant with a timber dolphin constructed by plaintiff on the Mississippi River. Diversity of citizenship existed between the parties, the jurisdictional amount requirement was met and, as is its prerogative, the defendant, M. G. Transport Service, Inc., removed the state action to this Court under the provisions of 28 U.S.C. §§ 1332, 1441. Since plaintiff's complaint demanded a jury in state court, the matter was scheduled for a jury trial before this Court pursuant to Rule 81(c), Fed.R.Civ.P. 81(c).

However, at the pretrial hearing plaintiff filed a motion for leave to amend its complaint. The thrust of this motion, currently before this Court, is to add a statement identifying the cause as an admiralty or maritime claim pursuant to Rule 9(h), Fed. R.Civ.P. 9(h). The practical significance of this identification is to obviate the plain-

tiff's own earlier request for a jury trial and to include a claim for pre-judgment interest.

Having heard argument and reviewed the pleadings, memoranda, and applicable law, I am convinced that the plaintiff's motion should be granted.

The defendant contends that this Court has no power to permit an amendment which would effectively deprive it of a jury trial. In support of its position the defendant relies chiefly upon *Johnson v. Penrod Drilling Co.*, 469 F.2d 897 (5th Cir. 1972) and *Banks v. Hanover Steamship Corp.*, 43 F.R.D. 374 (D.Md.1967). Additionally, defendant cites several cases, *e. g., Yates v. Dann*, 223 F.2d 64 (3rd Cir. 1955), requiring an election between a suit in admiralty and a civil action. Defendant submits that in the context of this case such election is irrevocable.

I cannot agree for the following reasons. First, I am not convinced by the factors which the *Banks* and *Penrod* courts evidently found persuasive. Specifically, I fail to see the significance of the Seventh Amendment's guarantee of a right to a jury trial in this context. This argument, that defendant is entitled to a trial by jury and cannot be deprived thereof without its consent, begs the question before this Court. No one disputes that if the proffered amendment is denied and the original negligence complaint stands, defendant is entitled to a jury trial. Rather, the issue here is whether the plaintiff can, prior to the commencement of the trial proper, change the basis of its claim from negligence to admiralty, where there is clearly no constitutional right to a trial by jury. *See* Fed.R. Civ.P. 38(e); 7A Moore's Federal Practice ¶ .59(3), at 417 (2d ed. 1977). Nor is this a problem whereby one party has relied upon the other party's demand for a jury trial and this demand is subsequently withdrawn. The sole issue here presented is whether there is a right to a jury trial in the first place. If the amendment is allowed, the case becomes one in admiralty and thus, as stated above, there is no right to a jury trial. Additionally, there is no

problem here presented which would involve a hybrid action employing both admiralty and jury aspects, the avoidance of which has been suggested as the grounds for the *Banks* decision. 5 Wright & Miller, Federal Practice and Procedure: Civil § 1314 (1969).

I am more persuaded by the language of the rule itself. Rule 9(h) specifically provides that "[t]he amendment of a pleading to add or withdraw an identifying statement [designating the claim as grounded in admiralty or maritime] is governed by the principles of Rule 15." The Advisory Committee's Notes accompanying Rule 9(h) state the therefore obvious proposition that "[t]he choice made by the pleader in identifying or in failing to identify his claim as an admiralty or maritime claim is not an irrevocable election." 28 U.S.C.A. Fed.R. Civ.P. 9(h), Notes of Advisory Committee on Rules, at 289 (Supp.1978). *See also, Williams v. Shipping Corporation of India, Ltd.*, 354 F.Supp. 626, 629 (S.D.Ga.1973). Thus, it becomes clear that plaintiff is entitled to seek leave of this Court to amend its complaint to add an identifying statement, and that this Court's consideration of this request is to be governed by the principles of Rule 15, Fed.R.Civ.P. 15. *See McCrary v. Seatrain Lines, Inc.*, 469 F.2d 666 (9th Cir. 1972) (specifically rejecting any implications to the contrary in the *Banks* case relied upon by the defendant here). As relevant here, rule 15(a) provides that "a party may amend his pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

I believe the facts of this case dictate the granting of plaintiff's motion to amend. Both parties have understood from its inception that this case was capable of being brought within the Court's admiralty jurisdiction, although it was also within the Court's diversity jurisdiction. It therefore seems unduly harsh to force the plaintiff to remain within the negligence framework against his better judgment in the absence of a showing of prejudice by the defendant. *McCrary v. Seatrain Lines, Inc.*, 469 F.2d

666, 668 (9th Cir. 1972). While I am aware that plaintiff's motion was filed on the eve of trial, and I certainly do not condone this lack of timeliness, I am nevertheless unable to determine, and the defendant has presented no evidence in this regard, any surprise or other prejudice to defendant. The proof and witnesses will apparently be the same. Accordingly, it is my opinion that justice is better served if plaintiff's motion be granted and that no useful purpose would be served by a contrary holding.

■ I recognize that this case comes before me through removal proceedings and thus this Court's jurisdiction derives from that of the state court. Accordingly, if this claim had originally been filed in admiralty in the state court and admiralty was found to be within the exclusive jurisdiction of the federal courts,[1] there is authority for the remarkable result that this case would have to be dismissed because the state court from which it was removed had no jurisdiction. *See, e. g., Lambert Run Coal Co. v. Baltimore & O. R. R.*, 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *Federal Savings & Loan Insurance Corp. v. Quinn*, 419 F.2d 1014, 1017 (7th Cir. 1969). *See also* C. Wright, Handbook of the Law of Federal Courts § 38, at 150 (3d ed. 1976). However, it is undisputed that this case was properly within the jurisdiction of the state court based upon negligence, and was properly removed based upon this Court's diversity jurisdiction. Thus, as stated by the Supreme Court: "If the federal court has jurisdiction of the removed cause and if the amendment to the complaint could have been made had the suit originated in the federal court, the fact that the federal court acquired jurisdiction by removal does not deprive it of power to allow the amendment." *Freeman v. Bee Machine Co.,* 319 U.S. 448, 451, 63 S.Ct. 1146, 1148, 87 L.Ed. 1509 (1943). Thus, while the removal statute "does not cure jurisdictional defects present in the state court action, it preserves to the federal District Courts the full arsenal of authority with which they have been endowed. Included in that authority is the power to permit a recasting of pleadings or amendments to complaints in accordance with the federal rules." *Id.* at 452, 63 S.Ct. at 1148.

■ Further, while I note the general applicability of Fed.R.Civ.P. 81(c) to the party's right to a jury trial in a case based upon this Court's removal jurisdiction, *see Higgins v. Boeing Co.*, 526 F.2d 1004 (2nd Cir. 1975), I believe that rule's preservation of state court jury demands is not at issue in this case. The demand here is preserved and now it is sought to be voluntarily relinquished. Thus, I resort to Rules 38 and 39 of the Federal Rules of Civil Procedure as a basis for my decision. I believe that, following allowance of plaintiff's motion to amend to identify this as an admiralty or maritime claim, the defendant is not entitled to a trial by jury and so find pursuant to Fed.R.Civ.P. 38(e) and 39(a)(2).

■ Finally, defendant argues that had it known the case would be shifted to admiralty it would not have exercised its option to remove the case to federal court. While there is surface appeal to this argument, the ultimate conclusion necessarily is that the defendant removed the case knowing full well the Federal Rules of Civil Procedure would apply. Fed.R.Civ.P. 81(c).

---

1. Although 28 U.S.C. § 1333(1) purports to give the federal courts exclusive jurisdiction of admiralty and maritime cases, by virtue of that statute's "saving to suitors" clause federal jurisdiction is exclusive only in limitation of liability proceedings and in maritime actions in rem, not here applicable. C. Wright, Handbook of the Law of Federal Courts, § 10, at 27 (3d ed. 1976). Thus, Congress has reserved some admiralty jurisdiction to the states, and the plaintiff in a strict admiralty claim might arguably rely upon that reservation in a case removed from the state court on the basis of diversity jurisdiction. See generally 14 Wright & Miller, Federal Practice and Procedure: Jurisdiction § 3674 (1976). I note further, however, that the states' admiralty jurisdiction would not present a federal question which would serve as a basis for this Court's removal jurisdiction. E. g., *J. J. Ryan & Sons, Inc. v. Continental Insurance Co.*, 369 F.Supp. 692 (D.S.C.1974); *O. F. Shearer & Sons, Inc. v. Decker*, 349 F.Supp. 1214 (S.D.W.Va.1972). This entire argument becomes academic in the context of this case because of the state court's undisputed jurisdiction based on negligence and this Court's derivative jurisdiction based upon diversity of citizenship.

Accordingly, plaintiff's motion for leave to amend its complaint to identify its claim as one in admiralty pursuant to Rule 9(h) is granted. It is further ordered as provided in Rules 38(e) and 39(a)(2) that this case be tried to the Court without a jury as an admiralty or maritime claim. Although I have specifically refused defense counsel's request to certify this order pursuant to 28 U.S.C. § 1292(b), the case is removed from the docket to allow defendant reasonable time to seek relief from the Court of Appeals for the Seventh Circuit from this order.