**Doris Jean FISHER, Plaintiff-Appellant Cross-Appellee,**

**v.**

**Willie DANOS, Defendant-Appellee,**

**v.**

**GULF OIL CORPORATION and Travelers Insurance Company, Defendants-Appellees Cross-Appellants.**

**No. 80-3510**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 31, 1982.

Robert McComiskey, New Orleans, La., for plaintiff-appellant cross-appellee.

Bubrig & Scandurro, Darryl W. Bubrig, Sr., Buras, La., for Danos.

Charles Hanemann, Houma, La., for Gulf Oil and Travelers.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This appeal arises from Doris Jean Fisher's lawsuit against Gulf Oil Company and The Travelers Insurance Company for injuries sustained when a skiff on which Fisher was passenger struck an unlit jetty built by Gulf. The owner of the skiff, Willie Danos, was released by compromise before this suit was filed. At trial, the jury found on special interrogatories that Gulf was not negligent, that the negligence of Mr. Danos was 70 per cent, and that Doris Fisher was 30 per cent contributorily negligent. Judgment was entered on the verdict, and following denial of motion for j.n.o.v. or for new trial or both, the present appeal was brought. Gulf and Travelers have filed a cross-appeal, claiming that the compromise

executed by Fisher released Gulf and Travelers as well as Danos. On the basis of Fisher's right to a non-jury trial, we reverse and remand to the District Court for reconsideration by the Judge on the basis of the present record uninfluenced by the jury verdict.

*Non-Jury Trial Election* [1]

Fisher contends that she was entitled to a non-jury trial because of the maritime nature of her claim. *See* F.R.Civ.P. 9(h); *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1252 (5th Cir. 1975) (general rule that admiralty claims are to be tried without a jury). After Danos was released, complete diversity of citizenship existed, and Gulf amended its answer to plead diversity and pray for trial by jury. In January, 1978, a pre-trial order designated the case as one to be tried by a jury. Fisher contends that she repeatedly sought to amend this order to obtain a non-jury trial, and that her signature on the first pre-trial order did not constitute a final election. Even if that order is seen as an election, it is argued that it is not irrevocable. Because seventeen months elapsed between notice to Gulf of Fisher's desire to proceed without a jury and the commencement of trial, and because Gulf understood that this action was capable of being brought within admiralty jurisdiction, she urges that no prejudice may be claimed by Gulf.

Both sides of the present dispute agree that a Rule 9(h) election, whether to proceed in admiralty without a jury or at law with a jury, is not irrevocable. *Doucet v. Wheless Drilling Co.*, 467 F.2d 336, 339 (5th Cir. 1972). Gulf perceives that although Fisher elected in her complaint to proceed without a jury under Rule 9(h), she later impliedly revoked that election, with the consent of the court and the defendants, and chose to proceed with a jury. Gulf bases its perception upon her attorney's signature on the pre-trial order of January, 1978. Moreover, Gulf contends that Fisher acquiesced in the District Court's April, 1978, setting of the case for trial by jury. However, on October 10, 1978, at a second pre-trial conference, Fisher challenged Gulf's right to trial by jury. Because trial was scheduled for October 23, 1978, Gulf quickly moved for recognition of its right to a trial by jury on the issue of whether the compromise agreement with Danos also released Gulf and Travelers. Fisher then filed a memorandum alleging that her right to a non-jury trial, or, in the alternative, the right to revoke her choice of trial by jury, was never waived and surely persisted as a greater right than Gulf's right to a jury on the incidental demand against Danos. Gulf's motion for a jury was granted, but the October 23, 1978, trial setting was continued. Fisher filed an interlocutory appeal to this Court on the jury issue, and we disallowed the appeal as not ripe for judicial review.

The issue is further complicated by Gulf's position that it is entitled to a trial

1. The Court requested that the parties in this dispute submit supplementary briefs addressing this complex issue as follows:

(1) In an admiralty action pursuant to Rule 9(h), does the plaintiff have an absolute right to a non-jury trial, and does acquiescence in a pre-trial order, which designates the case as one to be tried by a jury, constitute an "election" by the plaintiff to proceed to trial with a jury? *See Johnson v. Penrod*, 469 F.2d 897 at 903.

(2) When a cause of action begins and remains an admiralty suit pursuant to Rule 9(h), what effect does the complete diversity of parties under federal rules of jurisdiction have upon (a) the plaintiffs' right to demand a non-jury trial and (b) the defendants' right to a jury trial? *See Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063 at 1066.

(3) Does a defendant in a 9(h) case have a legal *right* to a jury trial (a) in the absence of any opposition from the 9(h) plaintiff? (b) when opposed by the 9(h) plaintiff?

(4) Were the defendants entitled to a trial by jury on the issue of whether or not Fisher released her claims against Gulf and Travelers?

(5) If this Court finds that the plaintiff was entitled to a non-jury trial, can the District Court make its decision solely on the basis of the records submitted to the jury, or will a new trial be required?

From Gulf and Travelers, we received a detailed brief outlining several aspects of the right to a jury trial in admiralty cases. Counsel for Fisher, in response, merely filed a singularly unhelpful letter that failed to address any one of the Court's specific questions regarding the issue of non-jury trial election.

by jury because complete diversity of citizenship exists between Fisher and the defendants Gulf and Travelers. Indeed, Gulf even argues that diversity is the only basis for federal jurisdiction in this case, thus creating its absolute right to trial by jury. However, given the facts that the vessel involved in this accident was not primarily a pleasure boat, that the accident occurred on a navigable channel of the Mississippi River, and that the alleged cause of the collision was an unlit jetty obstructing the channel, we find that the case is properly characterized as one in admiralty.[2] *See Kelly v. Smith*, 485 F.2d 520, 523–526 (5th Cir. 1973), *cert. denied*, 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974). In the alternative, Gulf argues that even if it did not have a right to a trial by jury, the trial judge may properly have the case tried to an advisory jury, F.R.Civ.P. 39(c); thus if any error exists as to Fisher's right to a non-jury trial, the error is harmless. This matter deserves more attention, particularly with regard to the District Court's admiralty jurisdiction.

■ In *Johnson v. Penrod Drilling Co.*, 469 F.2d 897 (5th Cir. 1972), this Court faced the situation where Rule 9(h) plaintiffs attempted to withdraw their earlier demand for trial by jury without the consent of the defendants and without a finding by the District Court that a right to trial by jury did not exist. 469 F.2d at 901–03. We held that the defendant was entitled to trial by jury because the plaintiffs did not comply with F.R.Civ.P. 39(a). Likewise, in *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249 (5th Cir. 1975), a plaintiff was forced to a non-jury trial because of his failure to amend and withdraw his admiralty claim under Rule 9(h). 515 F.2d at 1253. The present case, however, is somewhat more confusing. Fisher did attempt to oppose Gulf's insistence on a jury trial and, given our construction that the claim was adequately identified as one under admiralty, her right to a non-jury trial remained an option even if she had earlier consented to a trial by jury.

In *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968, 986 (5th Cir. 1978), we held that "by electing to proceed under 9(h) rather than by invoking diversity jurisdiction, the plaintiff may preclude the defendant from invoking the right to trial by jury which may otherwise exist." 577 F.2d at 986, *citing Romero, supra.* Rule 9(h) is a "device by which the pleader may claim the special benefits of admiralty procedures ... including a non-jury trial." *Romero*, 515 F.2d at 1252. There can be no doubt that this case was within the Court's admiralty jurisdiction. The substance of the injuries took place on navigable waters in connection with the navigation of a vessel. *See Executive Jet Aviation v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), *cited in Moser v. Texas Trailer Corp.*, 623 F.2d 1006, 1009 (5th Cir. 1980); *Sperry Rand Corp. v. Radio Corp. of America*, 618 F.2d 319, 320–22 (5th Cir. 1980); *Boudloche v. Conoco Oil Corp.*, 615 F.2d 687, 688 (5th Cir. 1980). In light of Fisher's right to a non-jury trial, we must remand this case to the District Court.[3] However, a new trial is not technically required in the present action, because the District Court shall make its decision solely on the basis of the records and testimony as submitted to the jury.

2. Fisher, in her original complaint, properly identified her claim as one falling under the admiralty and maritime jurisdiction within the meaning of Rule 9(h). Although Gulf properly points out that Rule 9(h) is especially designed for cases which are subject to admiralty and also some other ground of federal jurisdiction, we find that when the defendant Danos was released, and diversity jurisdiction arose, Fisher's claim was adequately identified, in her original pleading, as an admiralty claim under Rule 9(h). *See Moore's Federal Practice Rules Pamphlet*, F.R.Civ.P. 9 at 9.2[6], Comment on 9(h) (1981).

3. Although Fisher's election of a non-jury trial was made just 13 days before the initial trial setting, an action that might have severely prejudiced Gulf and Travelers, the actual trial did not take place for another 17 months. Thus it could not be said that, in actuality, Gulf and Travelers relied on the plaintiff's first election for a jury trial.

*Extent of the Release*

Before concluding, it is necessary to address Gulf's cross-appeal. Gulf urges that even if this Court finds errors in the trial proceedings such errors are harmless because the trial court should have dismissed Fisher's claims on the grounds of the release executed February 28, 1975. Gulf relies on the language in the compromise agreement stating that Fisher releases "Willie Danos and all other persons." At trial, Fisher by her testimony claimed to have not understood all of the terms of the agreement that she signed. The District Court granted a directed verdict against Gulf and Travelers, recognizing Fisher's intent to reserve all of her rights against Gulf and Travelers. The issue was argued by counsel for both sides at a hearing on May 3, 1978, and Gulf's motion for summary judgment on the basis of release was denied.

Gulf claims that factual issues existed that should have been decided by the jury, namely whether Fisher did intend to release her claims against Gulf and Travelers, notwithstanding her testimonial, self-serving denial of such intent at trial. Fisher argues, and the District Court apparently agreed, that it is unthinkable that she would release her claims against Gulf and Travelers in light of the serious injuries that she sustained. This Court, in *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), set forth the standard to be applied on motions for directed verdicts:

> [The] Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the [motion] is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the [motion] should be denied, and the case submitted to the jury.

A careful reading of the document entitled "Release and Agreement", executed on February 28, 1975, reveals that Willie Danos is the central figure in the compromise agreement. It states that Fisher and Danos agree to compromise any claims against Danos in exchange for payment of medical expenses and reasonable living expenses including the purchase of a mobile home. The controversial clause follows, that Fisher expressly releases and forever discharges "Willie Danos and all other persons, from any and all claims for damages arising out of or in any way connected with the boating incident . . . ." Also included is a declaration that Fisher fully understands the compromise settlement.

Under the peculiar circumstances of this case, we need not determine whether the directed verdict was correct, since the Judge as trier of fact can now determine the issue both as a matter of fact and, on such finding, as a matter of law.

*Conclusion*

Because of our remand for a trial by the trial judge on the basis of the record made before the jury, it is unnecessary for us to reach the issues of (i) whether the jury instructions were proper, and (ii) whether the jury's finding of contributory negligence was supported by the record.

REVERSED AND REMANDED.