**Arnold L. WILLIS**

v.

**WOODSON CONSTRUCTION CO., et al.**

**Civ. A. No. 83–0280.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Aug. 23, 1983.

Leonard Fuhrer, Fuhrer, Flournoy & Hunter, Alexandria, La., C. James Hicks, Hicks & Brown, Alexandria, La., for plaintiff.

Edward E. Rundell, Gold, Little, Simon, Weems & Bruser, Alexandria, La., for Transcontinental Gas Pipeline.

Gregory S. Erwin, Bolen & Erwin, Alexandria, La., for Liberty Mut. Ins. Co. and Woodson Const. Co.

Michael G. Durand, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, La., for Liberty Mut. Ins., Woodson Const. & Kori Corp.

## RULING

NAUMAN S. SCOTT, District Judge.

This is an action brought under the Jones Act, 46 U.S.C. § 688, and the General Maritime Law to recover for personal injuries sustained in a vessel collision. In the complaint, plaintiff has made a designation pursuant to 9(h), Fed.R.Civ.Pro., that the entire action be heard in admiralty without the presence of a jury.

The defendant answered the complaint, and despite plaintiff's 9(h) designation, has asked this court to grant him a jury trial on the authority of *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). The plaintiff has moved to strike the demand relying on *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249 (5th Cir.1975), and his 9(h) designation. Having reviewed the applicable case law, we conclude that defendant's demand for a jury trial is not well founded, and accordingly we grant the plaintiff's Motion to Strike the demand from the defendant's answer.

In this case two bases of jurisdiction are alleged in plaintiff's complaint: Admiralty jurisdiction and Federal Question jurisdiction. The Jones Act count, which invokes Federal question jurisdiction, provides that the plaintiff "at his election" may have a trial by jury. The General Maritime counts, which involve general admiralty jurisdiction, are normally tried without a jury on the admiralty side of Federal court. By making the 9(h) designation with respect to both the admiralty and Jones Act claims, the plaintiff implicitly waives his right to elect a jury for his Jones Act claim. This brings the entire case on the admiralty side where trial by jury is not available to either party. Under these circumstances, the defendant has *no* right to demand a jury.

In support of its jury demand, the defendant relies on *Romero v. International Terminal Operating Co., supra*, where the plaintiff brought a three-count action on the civil side of Federal court alleging a Jones Act count, and General Maritime Law claims for unseaworthiness and maintenance and cure. When the General Maritime Law counts were joined to the Jones Act count on a theory of pendent jurisdiction, there existed Federal jurisdiction over all three counts, even in the absence of diversity. However, the Supreme Court refused to decide whether the District Court may submit to the jury these pendent admiralty claims under the General Maritime Law.

The *Romero* decision created much confusion as to whether General Maritime Law claims joined with Federal question claims could all be heard before a jury. This problem was resolved, however, in the case of *Fitzgerald v. United States Line Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). Here the Supreme Court held that General Maritime Law claims joined with the Jones Act count may all be submitted to the jury for resolution. We are unable to perceive how *Romero* and its progeny

support the defendant's claim for a jury trial in this matter.

■ Simply stated, the defendant misconstrues the purpose and effect of the 9(h) designation. Prior to the unification of the Federal Rules of Civil Procedure, and the Admiralty Rules of Procedure, it was clear that a jury trial would not lie where the action fell solely within the admiralty jurisdiction of the court. The unification in 1966 was not intended to change the rule that admiralty claims were to be tried before a judge sitting in admiralty. *Romero v. Bethlehem Steel Corp., supra,* at 1252. The pleading device embodied in Rule 9(h) was enacted to allow the plaintiff to preserve admiralty jurisdiction, its unique rules, remedies, and procedure, including the nonjury trial, when the pleadings shows that admiralty jurisdiction and some other basis of jurisdiction exists. *Id.* That other basis of jurisdiction is most commonly either diversity, or Federal question jurisdiction when a Jones count is alleged. Where, as here, the court has jurisdiction either in admiralty or as a Federal question, the 9(h) designation operates as a waiver of the election under the Jones Act to have the cause heard before a jury.

The plaintiff relies on *Romero v. Bethlehem Steel Corp., supra.* In that case, the plaintiff alleged the cause of action based on negligence under the General Maritime Law and a second cause of action for unseaworthiness. General allegations indicating diversity existed between the parties were alleged in his complaint, but diversity was not alleged as the basis for jurisdiction. Instead, the plaintiff made a 9(h) designation that the case be heard in admiralty. When it appeared to the plaintiff that the defendant maintained that the cause was solely in admiralty, the plaintiff added language to the pretrial order that "jurisdiction is also based on diversity of citizenship and jurisdictional amount." *Id.* at 1252.

The primary issue before the Fifth Circuit was whether the additional language in the pretrial order operated to withdraw the original 9(h) designation and thereby allow the plaintiff to demand a jury based on diversity. The court held that the language in the pretrial order did not operate as a waiver of the 9(h) designation, and was "utterly insufficient to notify the court or the opposing party of the purported decision to amend the complaint." *Id.*

Since the present matter does not involve an amendment or waiver to remove a 9(h) designation, but focuses on the defendant's desire to upset the plaintiff's right to have his claim heard in admiralty, the case is factually inapposite. Nonetheless, the plaintiff here may rely on his 9(h) designation alone to have the entire case heard before a judge.

■ In conclusion, the plaintiff has made his designation properly under Rule 9(h), and the defendant is not entitled to a jury. Accordingly, the plaintiff's Motion to Strike the demand for a jury from defendant's answer is hereby GRANTED.