**Jimmie RACHAL**

v.

**INGRAM CORPORATION.**

**Civ. A. No. 83–1754.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Dec. 11, 1984.

Fuhrer, Flournoy & Hunter by John E. Morton, Alexandria, La., for plaintiff.

Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, James E. Diaz, Jr., Frank H. Spruiell, Jr., Lafayette, La., for Ingram Corp.

Lea & Gibbens, William B. Gibbens, III, New Orleans, La., for A & P Boat Rentals, Inc.

RULING

NAUMAN S. SCOTT, District Judge.

Plaintiff originally filed this action on July 13, 1983, alleging jurisdiction under the Jones Act and the general maritime law, specifically praying for a trial by jury. Defendant Ingram Corporation (Ingram)

answered the complaint with a general denial on August 15, 1983. Subsequently, plaintiff filed his First Supplemental and Amending Complaint on August 28, 1984, requesting that this action be identified as one in admiralty under designation of Rule 9(h), Fed.R.Civ.P., and without benefit of trial by jury. On that same day, plaintiff's request was granted by order of this court. On September 7, 1984, Ingram again answered with a general denial and declined to specifically address the 9(h) designation.

At a pretrial conference on September 10, 1984, however, defendant asked that we allow some time for it to reconsider its position on the jury trial issue. We granted defendant seven days to do so.

On September 17, 1984, Ingram advised us that it had decided to oppose the 9(h) designation. Specifically, it contended that plaintiff was precluded from unilaterally withdrawing its jury demand without consent by the Court as prescribed under Rule 39 of the Federal Rules. Four days later, plaintiff reiterated his position that the 9(h) designation is proper and that our previous ruling in *Arnold L. Willis v. Woodson Const. Co.*, 593 F.Supp. 464 (W.D.La.1983), (upholding that plaintiff's 9(h) designation), is controlling authority in his favor. On October 22, 1984, we asked for memoranda of authority from both parties. The issue is present before us now on plaintiff's Motion to Strike Jury Demand.

## I. *The Willis Case.*

Before beginning our analysis of the jury issue, we feel constrained to discuss our previous ruling in the *Willis* case, *supra.* In that case plaintiff made a 9(h) designation in his *original* complaint. Then, defendant answered, specifically requesting a jury trial on the authority of *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). In holding for the plaintiff, we ruled "(s)ince the present matter does not involve an amendment or waiver ..." plaintiff could rely on his 9(h) designation. *Willis*, at 466. Therefore, since we now are confronted

with an *amendment* denominating Rule 9(h), *Willis* is not controlling.

## II. *Rule 39*

■ In *Johnson v. Penrod Drilling Co.*, 469 F.2d 897 (5th Cir.1972), the Fifth Circuit was faced with the situation where Amended Rule 9(h) plaintiffs attempted to withdraw their earlier demand for trial by jury without the consent of the defendants and without a finding by the District Court that a right to trial by jury did not exist. 469 F.2d at 901–03; *Fisher v. Danos*, 671 F.2d 904, 906 (5th Cir.1982). That court held that defendant was entitled to a trial by jury because the plaintiffs did not comply with Fed.R.Civ.P. 39(a). *Fisher*, 671 F.2d at 906. However, that case is distinguishable from the present matter.

In the case at bar, the only alleged bases of jurisdiction are the Jones Act and the general maritime law. In the *Johnson* case *diversity* jurisdiction was also present. Thus, unlike the District Court in that case, we can find that no *right* to a jury trial existed for the defendant, and hereby do so. Rule 39 is not applicable under the present facts.

## III. *Rule 9(h)*

■ The general rule is that admiralty claims are to be tried without a jury. *See,* Fed.R.Civ.P. 9(h); *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1252 (5th Cir. 1975); *Fisher v. Danos*, 671 F.2d at 905. However, under the Jones Act, a plaintiff seaman may elect to have a jury trial. 46 U.S.C. § 688. This election belongs to the seaman, not his employer, and the employer may not require a jury trial. *Johnson v. Venezuelan Line S.S. Co.*, 314 F.Supp. 1403, 1406 (E.D.La.1970); *Texas Menhaden Co. v. Palermo*, 329 F.2d 579 (5th Cir.1964); *See, Doucet v. Wheless Drilling Co.*, 467 F.2d 336, 339 (5th Cir.1972) (a *seaman* may elect a suit in admiralty or at law). More, it is indisputable that "a Rule 9(h) election, whether to proceed in admiralty without a jury or at law with a jury, is not irrevocable." *Fisher v. Danos*, 671 F.2d at 905; *Doucet v. Wheless*, 467 F.2d at 339. Thus,

it becomes clear that plaintiff is entitled to seek leave of this Court to amend his complaint to add an identifying statement and that our consideration of this request is governed by the principles of Fed.R.Civ.P. 15. *See, Emerson G.M. Diesel v. Alaskan Enterprise,* 732 F.2d 1468, 1471–72 (9th Cir.1984); *McCrary v. Seatrain Lines, Inc.,* 469 F.2d 666 (9th Cir.1972); *Fruin-Colnon Corp. v. M.G. Transport Serv.,* 79 F.R.D. 674, 676–77 (S.D.Ill.1978). Finding that defendant will not suffer any prejudice since the same proof and witnesses will be required regardless of the mode of trial, plaintiff's motion is hereby GRANTED.