Robert FRANCIS, Appellee,

v.

John DIETRICK; Mecklenburg County, North Carolina, Appellants.

and

Glenn Blaisdell, Defendant.

No. 81–2227.

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1982.

Decided July 1, 1982.

---

James O. Cobb, Charlotte, N. C. (Ruff, Bond, Cobb, Wade & McNair, Charlotte, N. C., on brief), for appellants.

George Daly, Charlotte, N. C., for appellee.

Before BUTZNER, ERVIN and CHAPMAN, Circuit Judges.

PER CURIAM:

Mecklenburg County, North Carolina, and one of its officials (collectively, the county) appeal from orders, entered by the district court sitting without a jury, reinstating Robert Francis to his position in a county agency and granting him back pay. As its single assignment of error, the county asserts that it was entitled to a jury trial. We affirm the judgment of the district court.

Francis brought this action for reinstatement, back pay, and damages. The county requested a jury trial. Following a hearing on a motion for a preliminary injunction, the district court ordered reinstatement. Francis then moved to amend his complaint to withdraw his request for damages. This motion was granted. With the omission of the damage claim, the district court ruled there were no remaining issues entitled to be tried before a jury. The county then unsuccessfully sought a writ of mandamus alleging deprivation of its right to a trial by jury.[1]

After a bench trial, the district court found that Francis had been unlawfully discharged and that he was entitled to back pay from Mecklenburg County but not from the individual defendants.

The county asserts that Federal Rules of Civil Procedure 15, 38, and 39 prohibited the district court from allowing Francis to amend his complaint where the only purpose of the amendment was to deprive it of the jury trial which it had demanded. The county further contends that even if the district court properly allowed the claim for damages to be withdrawn, it nevertheless retained its seventh amendment right to a jury because the issues of liability and back pay are legal and not equitable.

At the outset, we note that the record contains no evidence that discloses Francis's motives for dropping his claim for damages. We conclude, however, that proof of his motive or purpose is not indispensable to establish the county's rights under the seventh amendment, and the absence of evidence on this issue is not fatal to its claim. Counsel for both parties and the district court properly, we believe, appreciated that the withdrawal of the damage claim would raise a question about the county's right to a jury regardless of Francis's motive.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may, with the leave of the district court, amend its pleading and that "leave shall be freely given when justice so requires." Rule 38 preserves for both parties the right to a trial by jury as secured by the seventh amendment and establishes the procedures for demanding a jury. Rule 39(a)(2) provides that the issues shall be tried by a jury if one has been demanded, unless "the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."

▮ Because the policy of the Federal Rules favors liberal amendments to pleadings, we conclude that the district court did not abuse its discretion by allowing Francis

---

1. *In re Dietrick*, No. 81–1647 (4th Cir. Oct. 1, 1981) (unpublished).

to amend his complaint and withdraw his claim for damages. Also, the court correctly held that the remaining issues, reinstatement and back pay, were of an equitable nature appropriate for trial by the court without a jury. *Paxman v. Campbell*, 612 F.2d 848, 861, 866–67, & n.7 (4th Cir. 1980) (en banc); *Smith v. Hampton Training School for Nurses*, 360 F.2d 577, 581 n.8 (4th Cir. 1966). *See also Monell v. Department of Social Services*, 436 U.S. 658, 662, 98 S.Ct. 2018, 2021, 56 L.Ed.2d 611 (1978).

We are not persuaded that *Johnson v. Penrod Drilling Co.*, 469 F.2d 897 (5th Cir. 1972), 510 F.2d 234 (1975) (en banc), on which the county primarily relies, dictates reversal.[2] In that case, the plaintiffs, alleging jurisdiction on the basis of diversity of citizenship and the Jones Act, sued for personal injuries and demanded a jury. Under the circumstances, trial by jury was appropriate and the defendant could rely on the plaintiff's demand. Later, the plaintiffs amended their complaints to assert their claims solely under the admiralty and maritime jurisdiction of the court, which ordinarily makes no provision for a jury. *See* rules 9(h) and 38(e). The court of appeals held that the amendment could not defeat the defendant's seventh amendment right to a jury trial.

*Penrod* is quite different from the situation presented by this appeal.[3] There the plaintiff's claims remained unchanged by the amendment. In both the original and the amended complaints, the plaintiffs sought precisely the same remedy—compensation for personal injuries. Here, in contrast, Francis sought first, equitable relief in the form of reinstatement and back pay and, second, damages cognizable in an action at law in addition to back pay. Here, unlike *Penrod*, the amendment altered the nature of the action. Withdrawal of the claim for damages left only equitable issues.

Francis's amended complaint brought the action within the purview of rule 39(a)(2),

which, as we have mentioned, authorizes the court to proceed without a jury when it finds that the right to a trial by jury does not exist for the issues presented by the pleadings. The district court, therefore, did not err when it tried the equitable issues without a jury. *See Skippy, Inc. v. CPC International, Inc.*, 674 F.2d 209, 215 (4th Cir. 1982) (dismissal of damage claim, leaving only equitable claim, precludes trial by jury).

AFFIRMED.

---

2. *Banks v. Hanover Steamship Corp.*, 43 F.R.D. 374 (D.Md.1967) (diversity and admiralty jurisdiction), on which the county also relies, is essentially similar to *Penrod* although the issue arose in a different factual context.

3. *See* Notes of Advisory Committee commenting on the 1966 amendment, rule 9(h).