**DIOTIMA SHIPPING CORP., Plaintiff,**

v.

**CHASE, LEAVITT & CO., Defendant.**

**Civ. No. 82–0294 P.**

United States District Court,
D. Maine.

June 12, 1984.

Martin Johnson, Robert Checkoway, Preti, Flaherty & Beliveau, Portland, Me., John C. Mamoulakis, Hill, Betts & Nash, New York City, for plaintiff.

Jeffrey D. Curtis, John J. O'Leary, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for defendant.

### ORDER ON PENDING MOTIONS AND APPEAL FROM MAGISTRATE'S DECISION

GENE CARTER, District Judge.

By motion currently before the Court, Plaintiff seeks to amend its complaint to allege admiralty jurisdiction. Defendant filed a motion, which is hereby *GRANTED*, to file a brief in excess of ten pages in opposition to this motion.

Also remaining for resolution before trial are two discovery motions. With the first Defendants seek to exclude the testimony of Plaintiff's expert. The second deals with the question of whether Plaintiff should be deemed to have waived its privilege of confidentiality with its New York attorneys, David Gilchrist and Eli Ellis. Defendant seeks to compel the taking of their depositions, and Plaintiff seeks a protective order to prevent such discovery. Plaintiff also objects to the Magistrate's denial of its motion for a protective order to prevent the taking of a deposition from Charalambos Sarantitis, Plaintiff's president.

### I. *Motion to Amend Complaint*

Plaintiff's original complaint, filed in October 1982, contained no allegation of the basis for jurisdiction, although admiralty jurisdiction was mentioned in the civil cover sheet. Following a Pretrial Conference and Report in which the Magistrate referred to the case as falling within the Court's admiralty jurisdiction, in February 1983 Defendant filed a Motion to Dismiss on the grounds that admiralty jurisdiction was lacking. No action was ever taken on that motion, for on March 15, 1983, Plaintiff amended its Complaint to allege diversity jurisdiction. In its Answer to the amended Complaint, Defendant demanded a jury trial. On May 15, 1984, shortly after its request at the final pretrial conference, Plaintiff filed a motion to further amend its Complaint, this time to allege admiralty jurisdiction. Defendant opposes the proposed amendment.

The question of amendment in this case implicates several of the Federal Rules of Civil Procedure. Plaintiff relies on Rule 9(h) which permits a pleader to identify the claim as falling within admiralty or maritime jurisdiction and asserts that it is its right to control the procedure in this way. Although Plaintiff first amended its pleadings "to specifically allege [diversity as] the basis of jurisdiction," Plaintiff's Motion

to Amend Complaint (March 15, 1983), it contends that further amendment to add an admiralty identification should be allowed because Rule 9(h) allows such amendment in accordance with the liberal amendment policies of Rule 15. Rule 15 provides that after responsive pleadings have been filed, amendments may be made by leave of court and that "leave shall be freely given when justice so requires."

Defendant contends that amendment under Rule 9(h) will impair its right to a jury trial. Although no jury trial is available for admiralty actions, *see* Fed.R.Civ.P. 38(e), Rule 39(a) provides:

When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury unless (1) the parties or their attorneys of record, ... consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

As the parties' submissions demonstrate, different courts have taken differing approaches in resolving problems similar to that raised here. In freely granting leave to amend, some have found the Rule 9(h) and Rule 15 configuration to control the right to a jury trial. *McCrary v. Seatrain Lines, Inc.*, 469 F.2d 666 (9th Cir.1972); *Fruin-Colnon Corp. v. M.G. Transport Service, Inc.*, 79 F.R.D. 674 (S.D.Ill.1978). Finding the pleading problem to have constitutional dimensions because of Rule 38's affirmation of the seventh amendment guarantee of a jury trial, other courts have held that the requirements of Rule 39 must be met before amendment can be permitted. *Johnson v. Penrod Drilling Co.*, 469 F.2d 897 (5th Cir.1972); *Banks v. Hanover Steamship Corp.*, 43 F.R.D. 374 (D.Md. 1967).

▬ In this case it is plain that the requirements of Rule 39 for withdrawal of a jury demand have not been met. Defendant has not consented to trial by the Court.

Also if amendment is not permitted to allege admiralty jurisdiction, this Court cannot find that the right to trial by jury does not exist. The claim alleged is readily cognizable under Maine tort law. *Desfosses v. Notis*, 333 A.2d 83 (Me.1975). Therefore, if Rule 39 must be applied before Rules 9(h) and 15, allowance of the proposed amendment is not appropriate because Defendant would be deprived of its right to a jury trial.

On the particular facts of this case, however, the same result is obtained even if the Court chooses to exercise its discretion concerning amendment under Rules 9(h) and 15(a) before considering Rule 39. Rule 15(a) provides that leave to amend "shall be freely given *when justice so requires.*" (Emphasis added.) Although the rule denotes a liberal amendment policy, amendment is not automatic. Rather, it is a matter of the trial court's informed discretion. The Supreme Court set forth in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the criteria by which the trial court should be guided in exercising that discretion:

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave should, as the rules require, be freely granted.

In this case the civil cover sheet prepared by Plaintiff's counsel shows that the Plaintiff knew its claims sounded in admiralty from the time the Complaint was filed. It *elected* to change the basis of jurisdiction with its March 1983 amendment, apparently in order to avoid the thrust of the Defendants challenge to the existence of admiralty jurisdiction. Now, on the eve of trial, Plaintiff seeks to change the basis of jurisdiction once again. However, in the interim Defendant has moved for a jury trial, which will be denied him if the amendment is allowed. Moreover, since the date

for drawing the jury had been set, Defendant states that it has advanced significantly in its preparation of its case for trial under Maine law, the applicable law in the diversity action indicated by Plaintiff's first amendment.

The congruence of Maine law and admiralty law will be a matter of much future research for Defendant if amendment is allowed. One divergence is patent, however. Under Maine tort law a plaintiff may not recover for negligence if its fault is equal to or greater than that of the defendant. 4 M.R.S.A. § 156 (1980); *Wing v. Morse,* 300 A.2d 491 (Me.1973). While following a theory of comparative negligence, admiralty law traditionally has permitted recovery by a plaintiff even if its fault is greater than defendant's. *See, e.g., Manning v. M/V Sea Road,* 358 F.2d 615 (5th Cir.1965); *see also Lopez v. A/S D/S Svendborg,* 581 F.2d 319 (2d Cir.1978). The Plaintiff's bid to change the basis of jurisdiction on the eve of trial quite plainly would prejudice Defendant.

Plaintiff has given no reason for the eleventh hour change of jurisdictional basis when it knew, from the time of the initial Complaint, of potential admiralty jurisdiction and specifically elected to assert a different basis by its first amendment. The delay in moving to amend cannot be attributed either to the Court, to the Defendant, or to a change in the law. *See, e.g., Austin v. Unarco Industries, Inc.,* 705 F.2d 1 (1st Cir.1983). Plaintiff's unexcused delay, the absence of any reason for the last minute change, and Defendant's preparation under state law in reliance on the amended allegation of diversity jurisdiction justifies a discretionary denial of an amendment which will cause significant prejudice to the Defendant. *Hayes v. New England Millwork Distributors, Inc.,* 602 F.2d 15, 20 (1st Cir.1979).

II. *Objection to Magistrate's Order*

Plaintiff also objects to the decision of the United States Magistrate denying its motion for a protective order to prevent the taking of the deposition of its president, Charalambos Sarantitis. The Court has reviewed the submissions of the parties to both the Magistrate and this Court and does not find the Magistrate's decision to be in error. 28 U.S.C. § 636(b)(1)(A).

III. *Motion to Bar Plaintiff From Offering Proposed Expert Testimony of Charles Aitcheson or for Order Compelling Discovery From Charles Aitcheson*

 Defendant filed an interrogatory in February 1983 seeking information concerning expert witnesses. Plaintiff responded, stating it did not expect to call any expert witnesses at that time. In response to an order compelling a supplemental answer, Plaintiff identified two legal experts in March 1984. In April 1984 Plaintiff supplemented this response further by informing Defendant that it intended to call Charles Aitcheson of Asca Marine, Inc. Mr. Aitcheson will be called to testify as to custom and usage in the trade, as to the conduct of agents and as to his opinion that Defendant breached its duty to protect its principal when it released the bills of lading. Defendant requested to depose Aitcheson and the request was denied by Plaintiff, which responded that under Rule 26(b)(4) Defendant must first make discovery by interrogatory and only if those responses prove unsatisfactory may the Defendant seek further discovery by motion to the Court. Defendant now seeks to exclude the testimony of Aitcheson on the grounds that Plaintiff's earlier responses to the interrogatory were evasive and incomplete and that on the facts of this case the subject matter of his proposed testimony is not a proper subject for expert testimony. Alternatively, Defendant seeks to compel further discovery under Rule 26(b)(4)(A)(ii).

There has been no showing that Plaintiff knew that Mr. Aitcheson would testify in advance of the time it identified him pursuant to its continuing obligation under Fed. R.Civ.P. 26(e)(1). Mr. Aitcheson's proposed testimony appears at this point to fall within the definition of expert testimony set forth in Fed.R.Ev. 702 since it will be drawn from his specialized knowledge of

the marine shipping industry and "will assist the trier of fact to understand the evidence." Therefore, the Court finds no merit in Defendant's suggestion that Plaintiff be barred from offering Mr. Aitcheson's testimony.

■ Defendant has sought in the alternative that the Court order Plaintiff to produce Aitcheson for deposition under Rule 26(b)(4)(A)(ii). No motion had previously been made to the Court, so Plaintiff was not remiss in its refusal to accede to the noticed deposition. In response to the pending motion, the Court finds that it would be unduly burdensome for Mr. Aitcheson to come to Maine to be deposed. Information pertaining to the two matters to which he will testify can be elicited equally well by carefully drawn interrogatories. If Defendant feels further discovery is required thereafter, the Court will rule on an appropriate motion. Defendant shall pay Mr. Aitcheson a reasonable fee for the time he spends responding to interrogatories. Fed.R.Civ.P. 26(b)(4)(C).

## IV. Plaintiff's Motion for a Protective Order for Attorneys Gilchrist and Ellis

■ The final issue to be addressed concerns the proposed depositions of two New York attorneys for the Plaintiff, David Gilchrist and Eli Ellis. Plaintiff seeks a protective order to bar the depositions on the grounds that any testimony elicited would not result "in the discovery of any matter, not privileged, which is relevant to the subject matter of the litigation." *See* Fed.R. Civ.P. 26. Defendant seeks a determination that Plaintiff has waived its attorney-client privilege as to the matter at hand and, consequently, should be compelled to produce its attorneys for deposition.

Defendant claims that Plaintiff's vice president, John Kibizis, effectively waived any claim to attorney-client privilege with respect to communications between Diotima and attorneys Gilchrist and Ellis by disclosing (1) that Portland attorney Paul Vielmetti had informed Plaintiff that De-

fendant had released the bills of lading; (2) that a French attorney had advised Plaintiff not to lien the cargo; (3) that Ellis and Gilchrist had told Plaintiff that the charterer had closed up shop and disappeared. Kibizis also produced a Telex from Vielmetti to Plaintiff concerning the fact that bills of lading had been released.

In diversity actions Federal Rule of Evidence 501 directs the Court to adopt the rules of privilege of the state whose law supplies the rule of decision. Under Me.R. Evid. 502(b) "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing *confidential communications made for the purpose of facilitating the rendition of professional legal services to the client* (1) between himself and his representative and his lawyer and his lawyer's representative...." (Emphasis added.) A communication is confidential for purposes of the rule "if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." Me.R. Evid. 502(a)(5). The Maine rules delineate waiver of the privilege as follows:

A person upon whom these rules confer a privilege against disclosure waives the privilege if he or his predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter. This rule does not apply if the disclosure itself is privileged.

Me.R.Evid. 510.

Defendant's assertion that Plaintiff has waived any claim of privilege regarding its communications with its New York attorneys is patently without foundation. In no sense can Plaintiff be said to have voluntarily disclosed a significant part of the privileged matter relating to the communication with its New York attorneys. The only asserted basis for the waiver that relates to communications between Plain-

tiff and its New York attorneys, Gilchrist and Ellis, is that the attorneys informed Plaintiff that the charterer's phone had been disconnected, its offices had closed and it had disappeared as a business. The disclosure by Plaintiff of this information is not the disclosure of any significant part of the privileged matter. *See* Me.R.Evid. 510. Rather, Plaintiff's attorney told him publicly available facts. Such facts are not the basis for a claim of privilege under Rule 502. Logically, therefore, their disclosure cannot be the basis for an assertion of waiver of the attorney-client privilege.

■ Defendants also assert the disclosure of communications between Plaintiff and its Portland and French attorneys as the basis of the waiver. Since the issue is not raised at this time, the Court will not offer any opinion as to whether these disclosures might constitute a waiver or partial waiver as to other communications on the same subject between Plaintiff and the attorney whose communication was disclosed. However, any waiver of a privileged communication passing between a certain attorney and the client discussing a certain subject operates to waive the privilege only "as to all communications between *the same attorney and the same client on the same subject.*" *Duplan Corp. v. Deering Milliken, Inc.,* 397 F.Supp. 1146 (D.S.C.1975) (emphasis added); *see also Champion International Corp. v. International Paper Co.,* 486 F.Supp. 1328 (N.D.Ga.1980). Defendant's claim that Plaintiff waived its attorney-client privilege for communications with its New York lawyers by disclosing communications from lawyers in Portland and France is, therefore, without merit.

Now that it is established that Plaintiff may claim the privilege where applicable in the proposed depositions of attorneys Gilchrist and Ellis, it remains to be determined whether Plaintiff's motion for a protective order should be granted. After examination of the documents submitted to the Court, the Court finds (1) that attorneys

Gilchrist and Ellis were not involved in this matter until eight days after occurrence of the events which form the basis of the claim and (2) that their role has been limited to that of legal advisors. Since Plaintiff may, and without doubt will, assert the attorney-client privilege in response to questions concerning the advice given, and since it appears that attorneys Gilchrist and Ellis have little or no other information to impart which is relevant to the subject matter involved in the pending action, the Court sees no point in subjecting them to the burden of depositions.

Accordingly, it is ORDERED that Plaintiff's Motion for a Protective Order to Prevent the Taking of the Depositions of David Gilchrist and Eli Ellis be and is hereby GRANTED.

It is further ORDERED that:

Plaintiff's Motion to Amend the Complaint is DENIED.

Defendant's Motion to File a Brief in Excess of Ten Pages in GRANTED;

Defendant's Motion to Bar the Testimony of Plaintiff's Expert, Charles Aitcheson, in DENIED. Defendant may seek further discovery from Mr. Aitcheson in the form of interrogatories, provided that Defendant reimburses him in accordance with Fed.R.Civ.P. 26(b)(4)(C)(i);

Plaintiff's Objections to the Decision of the Magistrate denying a protective order is hereby DENIED. The decision of the Magistrate is AFFIRMED.