**Sidney ABBOTT, Plaintiff**

v.

**Randon BRAGDON, D.M.D., Defendant.**

**Civ. No. 94–073–B.**

United States District Court,
D. Maine.

July 25, 1995.

---

David G. Webbert, Law Offices of Philip Johnson, Augusta, ME and Bennett H. Klein, Gay & Lesbian Advocates & Defenders Aids Law Project, Boston, MA, for plaintiff.

John W. McCarthy, Rudman & Winchell, Bangor, ME and Charles E. Gilbert III, Gilbert Law Offices, P.A., Bangor, ME, for defendant.

### ORDER DENYING PLAINTIFF'S MOTION TO AMEND HER COMPLAINT

BRODY, District Judge.

Plaintiff Sidney Abbott moves to amend her complaint in her action against Defendant Dr. Randon Bragdon alleging discrimination in violation of the Americans with Disabilities Act ("ADA") and the Maine Human Rights Act ("MHRA"). Until now, Abbott's complaint has included a claim for civil penal damages asserted pursuant to 5 M.R.S.A. § 4613(2)(B)(7). She now moves to amend her Complaint in order to withdraw that claim. For the reasons that follow, Plaintiff's Motion to Amend is denied.

According to Abbott, Dr. Randon Bragdon violated the ADA and the MHRA when he refused to provide her with standard dental services after she informed him that she suffered from the Human Immunodeficiency Virus (HIV). Initially, Abbott did not seek civil penal damages under the MHRA. She subsequently moved, however, to amend her complaint pursuant to Fed.R.Civ.P. 15(a) to include such a claim. This Court summarily granted her Motion without objection on April 6, 1995. In light of Plaintiff's request for money damages, Defendant then demanded a jury trial. This Court, by Order

dated April 17, 1995, granted Defendant's demand, and determined that Abbott's claim under the MHRA, for the imposition of civil penalties, is legal in nature. Accordingly, the Court held that Dr. Bragdon has "a constitutional right to a jury trial to determine his liability" with respect to that claim. *Abbott v. Bragdon,* 882 F.Supp. 181, 183 (D.Me.1995) (citing *Tull v. United States,* 481 U.S. 412, 425, 107 S.Ct. 1831, 1839, 95 L.Ed.2d 365 (1987)).

Now, more than two months after that decision, and more than three months after the scheduling order's deadline for amending the pleadings, Abbott seeks to withdraw her claim for money damages. In doing so, Abbott does not deny that she hopes to avoid a jury trial via her amendment. *See* (Pl.'s Mem. Supp. Mot. Amend at 3-4 n. 1. "After the Court ruled ... that the civil penal damage request ... did trigger a right to a jury trial, the Plaintiff [decided] to drop her request for civil penal damages.")

 "The question of amendment in this case implicates several of the Federal Rules of Civil Procedure." *Diotima Shipping Corp. v. Chase, Leavitt & Co.,* 102 F.R.D. 532, 533 (D.Me.1984). Because Plaintiff seeks leave to amend her complaint subsequent to the deadlines set forth in the Court's scheduling order, she may do so only if "justice requires" under Fed.R.Civ.P. 15(a) and if she can show "good cause" under Fed.R.Civ.P. 16(b). *See Sil–Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518 (10th Cir. 1990) ("Scheduling orders are not to be modified by the trial court except ... upon a showing of good cause.") Moreover, under Rule 39, after a jury trial demand has been granted, the trial "shall be by jury, unless (1) the parties ... consent ... or (2) the court ... finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." Fed.R.Civ.P. 39(a).

 In such a context, "the requirements of Rule 39 must be met before amendment can be permitted." *Diotima,* 102 F.R.D. at 534. It is plain that those requirements have not been met in this case. "Defendant has not consented to trial by the Court. Also, if amendment is not permit-

ted[,] ... this Court cannot find that the right to trial by jury does not exist." *Id.*

 Moreover, Plaintiff has failed to advance "good cause" for her amendment. Rather, Plaintiff's purported reasons of efficiency and streamlining appear to be smokescreens for her strategic purpose of avoiding a trial by jury on the sensitive issues raised by her complaint. Plaintiff's argument that "[t]he elimination of all damage issues obviously streamlines the resolution of the case," (Pl.'s Mem. at 3), barely passes the "straight-face" test. The only streamlining would be the elimination of one element of recovery under the MHRA. Even if the Court were to grant Plaintiff's amendment, all of her equitable claims under both the MHRA and the ADA would remain for disposition by the Court.

Plaintiff further argues that the Court could grant her amendment and subsequently determine that there is no right to a jury trial. *See Francis v. Dietrick,* 682 F.2d 485, 487 (4th Cir.1982) (permitting amendment that deprived the trial of its legal claim and thereby transforming case into a bench trial). The Court, however, is more persuaded by the rationale in the *Diotima* decision as well as that in *Rachal v. Ingram Corp.,* 795 F.2d 1210, 1217 n. 11 (5th Cir.1986) ("If the Court finds that the party opposing [the amendment] has a statutory or constitutional right to a jury trial, the motion should ordinarily be denied as barred by Rules 38 and 39(a)(2).") *See also Moser v. Texas Trailer Corp.,* 623 F.2d 1006, 1011 (5th Cir.1980) ("[W]here a defendant opposes an amendment, the trial court's exercise of discretion under rule 15(a) to grant leave to amend must be preceded by defendant's consent, under rule 39(a), to proceed without a jury.") Defendant opposes the amendment in this case. He has already spent time and money "demanding and filing a legal memorandum in support of his right to a jury in reliance upon Abbott's First Amended Complaint." (Def.'s Mem. Opp'n Pl.'s Mot. at 8.)

The Court finds that sufficient "good cause" does not exist to grant Plaintiff's Motion to Amend. In addition, the Court concludes that pursuant to Fed.R.Civ.P. 39(a),

Defendant's refusal to consent to such an amendment bars Plaintiff's request in accordance with the decisions in *Diotima, Moser,* and *Rachal.* Accordingly, Plaintiff's Motion to Amend the Complaint is *DENIED.*

*SO ORDERED.*