502 F.Supp. 60 (1980)
In re N-500L CASES.
Luis Lugo MEDINA et al., Plaintiffs,
v.
EASTERN AIRLINES, INC., et al., Defendants.
EASTERN AIRLINES, INC., Defendant and Third-Party Plaintiff,
v.
Francisco CRUZ et al., Third-Party Defendants.
Julio Matta MARTINEZ et al., Plaintiffs,
v.
EASTERN AIR LINES, INC., Defendant and Third-Party Plaintiff,
v.
Francisco CRUZ et al., Third-Party Defendants.
Carlos Martinez PAGAN, Plaintiff,
v.
EASTERN AIR LINES, INC., et al., Defendants.
EASTERN AIR LINES, INC., Defendant and Third-Party Plaintiff,
v.
Francisco CRUZ et al., Third-Party Defendants.
Ismael Agosto DeLEON et al., Plaintiffs,
v.
EASTERN AIR LINES, INC., et al., Defendants.
EASTERN AIR LINES, INC., Defendant and Third-Party Plaintiff,
v.
Francisco CRUZ et al., Third-Party Defendants.
Civ. Nos. 78-2126, 79-1700 to 79-1703.
United States District Court, D. Puerto Rico.
August 8, 1980.
*61 Angel L. Tapia Flores, Tapia & Aviles, San Juan, P.R., for plaintiffs Medina, Martinez, Pagan, DeLeon, et al.
Francisco Ponsa Flores, San Juan, P.R., for Eastern Airlines, Inc., et al. in all cases.
Francisco Agrait Oliveras, Agrait & Oliveras, San Juan, P.R., for third-party defendants and Underwriters at Lloyd's.
Alex González, Dubón González & Vazquez, San Juan, P.R., for Francisco Cruz.
Calvin F. David, Walton, Lantaff, Schroeder & Carson, Miami, Fla., for third-party defendants.
Domingo A. Alvarez, Rio Piedras, P.R., Richard H. Silver, Miami, Fla., Speiser, Krause & Madole, Washington, D.C., for plaintiffs in 79-1703.

DECISION AND ORDER
TORRUELLA, District Judge.
On September 26, 1978, an Air Caribbean Beechcraft D 185 aircraft, Registration # N-500L, crashed on a flight from Aguadilla, Puerto Rico to San Juan, Puerto Rico. Plaintiffs in this suit were on the ground. They claim personal injuries, emotional distress and/or property damage as a result of the accident. This action was brought against Eastern Airlines, who as a third-party Plaintiff filed claims against the owner of the aircraft N 500L, Francisco Cruz, Old South Air Service, Inc., d/b/a Air Caribbean and certain insurance companies, including Corporación Insular de Seguros, movant herein (hereafter Corporación). Plaintiffs later filed an amended complaint against these same parties.
Jurisdiction is invoked under 28 U.S.C. § 1331: The action arises under the laws of the United States, including the Federal Aviation Act, 49 U.S.C. § 1301 et seq., and the Federal Air Regulations, 14 CFR, and the amount in controversy exceeds the sum of $10,000.00; 28 U.S.C. § 1332. There is diversity of citizenship; 28 U.S.C. § 1337. The action arises under an act of Congress relating to commerce. Upon exhausting their administrative remedies, 28 U.S.C. § 2675, Plaintiffs also sued the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) et seq. Defendant Corporación also filed a cross-claim against the United States.
This matter is now before us on the Motion of Codefendant Corporación[1] to dismiss the complaint filed against it by Plaintiffs for lack of diversity jurisdiction.
*62 Defendant's Motion to Dismiss is grounded on the fact that Plaintiff's Amended Complaint failed to allege the citizenship of the Corporación and that even with the specific averment as to the citizenship of the insured, diversity between the Plaintiff and the Corporación would be lacking.
Plaintiffs, on the other hand, contend that Defendant's Motion should be denied inasmuch as the Court has pendant jurisdiction over Defendant under the circumstances of this case.
It is clear that if the anchor chain on which pendant jurisdiction is asserted is based on diversity, a federal district court may not reach out and assert jurisdiction over an additional party in order to adjudicate a pendant state claim where there is no diversity as to the additional party. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); Wood v. Standard Products Co., Inc., 456 F.Supp. 1098 (D.Va.1978). We do not find this analysis to be controlling here since jurisdiction does not depend principally on diversity.[2] Therefore, Simon & Flynn, Inc. v. Time, Inc., 513 F.2d 832 (C.A. 2, 1975) and Narvaez v. British American Insurance Co., 324 F.Supp. 1324 (D.P.R.1971), cases relied on by Defendant Corporación which deal with straight-forward diversity issues, are inapplicable to this action.
In determining whether there is pendant jurisdiction over an additional party, Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) calls for careful attention to the relevant statutory language:
"When the grant of jurisdiction to a federal court is exclusive, for example, as in the prosecution of tort claims against the United States under 28 U.S.C. § 1346, the argument of judicial economy and convenience can be coupled with the additional argument that only in a federal court may all of the claims be tried together."
Both Aldinger and Kroger instruct us to answer the preliminary question of potential Article III[3] jurisdiction by applying the standard used in United Mine Workers v. Gibb, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), that is, are the state and federal claims derived from a common nucleus of operative facts, Federal Deposit Ins. Corp. v. Otero, 598 F.2d 627 (C.A. 1, 1979) and, is the federal claim of sufficient substance to confer jurisdiction on the court? Ortiz v. U. S. Government, 595 F.2d 65 (C.A. 1, 1979). We find that the "nucleus of operative facts" between the damage suit and the question of insurance liability do arise from that common nucleus of operative facts, the fatal aircrash and its causes.
This brings us to the question of whether the Federal Tort Claims Act can serve as an anchor for the exercise of pendant or pendant party jurisdiction over Defendant Corporation.
Post Aldinger decisions have varied on this question. See Price v. U. S., 466 F.Supp. 315 (E.D.Pa., 1979). Our decision must follow that of the Court of Appeals for the First Circuit which has expressly approved the exercise of pendant party jurisdiction over an additional non-diverse party where the anchor chain is a federal one and complete relief can only be had in federal court. Bowers v. Moreno, 520 F.2d 843 (C.A. 1, 1975). In particular, we are guided by two decisions of the First Circuit, Ortiz v. U. S. Government, supra, and Federal Deposit Insurance Corp. v. Otero, supra. In Ortiz, Plaintiff sued the United States asserting jurisdiction under the Federal Tort Claims Act. The Government impleaded Hospital Mimiya, alleging jurisdiction *63 under 28 U.S.C. § 1345. Plaintiff then amended her complaint to add a claim against the Hospital. The Court, relying on the fact that the Third-Party was already a "federal party" and assuming a common nucleus of operative facts with the Federal Tort Claim, held that jurisdiction did exist. In Fed. Deposit Ins. Corp. v. Otero, supra, the action, while not a Federal Tort Claims cause of action, arose under Sec. 2[4] of the F.D.I.C. Act, 12 U.S.C. § 1814. In that case, Defendants asserted a state-law claim against one not subject to an independent basis of federal jurisdiction. The Court held that based on the peculiar facts of the case, the district court had discretion to hear defendant's counterclaim.
The dicta in Aldinger, the case law of this Circuit, the exclusive jurisdiction of the federal courts over actions under the Federal Tort Claims Act and the statutory language of that Act all lead to the conclusion that this Court, in the exercise of its discretion can use the Federal Tort Claims Act as an anchor for the exercise of pendant party jurisdiction over Defendant. See Wood v. Standard Products Co. Inc., supra.
Complete relief here can only be afforded in the Federal Court. This type of case is one where Plaintiffs could not gather all the parties involved in a local court proceeding since federal courts have exclusive jurisdiction over actions under the Federal Tort Claims Act. In fact, Defendant Corporación itself has filed a cross-claim against the United States (as well as cross-claims against Eastern Airlines, Inc. and Underwriters at Lloyd's). Nor is this a case of the addition of a completely new party. See Aldinger v. Howard, supra. Certainly, the twin arguments of judicial economy and convenience can be applied here.
In view of the foregoing, the Motion to Dismiss of Codefendant Corporación Insular de Seguros is DENIED. Codefendant Corporación is granted fifteen (15) days to file a responsive pleading.
IT IS SO ORDERED.
NOTES
[1] Corporación Insular de Seguros is the insurance company which had issued and had in effect a policy of aircraft liability insurance, in which Codefendant Francisco Cruz is named as the insured.
[2] Assuming arguendo that diversity jurisdiction was the only issue here and cognizant that citizenship of the parties always must be pleaded affirmatively in accordance with Rule 8(a)(1), F.R.C.P., the failure to do so may typically be cured by amendment. Hunt v. Penn Central Transportation Co., 414 F.Supp. 1157 (W.D.Pa., 1976); 5 Wright & Miller, Federal Practice and Procedure, § 1208.
[3] Article III, § 2 of the Constitution provides in part: "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States; ... to Controversies to which the United States shall be a party."