Carlos Maldonado RUIZ et al., Plaintiffs,

v.

**PUERTO RICO SUN OIL COMPANY, INC., Defendants.**

Civ. No. 79–2744.

United States District Court, D. Puerto Rico.

Aug. 18, 1980.

José A. Rivera Robles, Río Piedras, P. R., for plaintiffs.

William A. Graffam, Jiménez & Fusté, San Juan, P.R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

The instant Motion to Dismiss requires this Court to reconcile the "saving to suitors" clause contained in 28 U.S.C. Section 1333 with the Limitation of Liability Act, 46 U.S.C. Section 183 *et seq.* due to claims and suits filed and resulting from an alleged maritime casualty.

On June 20, 1979 U. S. District Judge Juan R. Torruella of this District issued the customary monition and injunction pursuant to a Petition for Limitation of Liability. Plaintiffs herein chose to file the present civil complaint on November 29, 1979 invoking our jurisdiction under the diversity statute, 28 U.S.C. Section 1332 and the "saving to suitors" clause contained in 28 U.S.C. Section 1333.[1A] In response the defendants have filed two motions to dismiss.

Plaintiffs sought to have the civil case consolidated with the exoneration from liability proceedings. We have denied the latter request indicating the plaintiffs should file their claims in the limitation proceedings in case 79–1380, as set forth in Supplemental Rule F(4) of the Federal Rules of Civil Procedure.[1] To our knowledge, Plaintiffs have not filed their claims therein and defendants urge us to adjudicate their motions to dismiss.

46 U.S.C. Section 183 *et seq.* or the Limitation of Liability Act, provides that a ship-owner's liability for damages to a single or various claimants is limited to his interest in the vessel and its freight provided the loss occurred without his privity or knowledge.[2] 46 U.S.C. Section 185 and Supplemental Rule of the Federal Rules of Civil Procedure instruct the shipowner seeking to invoke this benefit to petition the U. S. District Court for exoneration from liability to deposit an amount equal to his interest in the vessel and freight, or give security for such value. The amount or goods so deposited constitute a fund. All damages resulting from the maritime mishap are to be satisfied from that fund. The sufficiency of the fund may be contested causing the Court to order the shipowner to increase the amount deposited.[3] The Court then issues a notice or monition directing all potential claimants to file their claims in accordance with Federal Rules of Civil Procedure Supplemental Rule F(4). In addition, the Court, when so moved, issues an injunction barring further prosecution of any suit against the shipowner involving a claim arising from the casualty and filed outside the limitation proceedings.[4] Once all claims are filed the Court, in order to determine whether the limitation of liability will prosper, must determine whether the loss in fact occurred; whether the same was a loss due to negligence; and whether the negligent loss occurred with or without privity or knowledge of the owner. If the

---

**1A.** The "saving to suitors" clause ". . . recognized that some remedies in matters maritime had been traditionally administered by common law courts of the original States. This role of the States in the administration of maritime law was preserved in the famous 'savings clause'–saving to suitors, in all cases, the right of a common–law remedy, where common law is competent to give it. Since the original Judiciary Act also endowed the federal courts with diversity jurisdiction, common–law remedies for maritime causes could be enforced by the then Circuit Courts when the proper diversity of parties afforded access." *Romero v. International Term. Company*, 358 U.S. 354, 362, 79 S.Ct. 468, 475, 3 L.Ed.2d 368 (1959).

**1.** See our Order entered on March 26, 1979.

**2.** The origins of the Limitations of Liability Act are explained in *The Main v. Williams*, 152 U.S. 122, 14 S.Ct. 486, 38 L.Ed. 381 (1894) and *Rodríguez Ema v. Compagnie Generale Transatlantique*, 353 F.Supp. 1286 (D.C.P.R., 1972). During the second half of the twentieth century the limitation of liability proceedings have fallen into disfavor because the shipowners are able to limit liability through incorporation and by obtaining P & I coverage. 3 *Benedict on Admiralty*, Section 7 (7th Ed.).

**3.** See Supplemental Rule F(7) of the Federal Rules of Civil Procedure.

**4.** See Supplemental Rule F(7) of the Federal Rules of Civil Procedure. 3 *Benedict on Admiralty*, Section 12 (7th Ed.); *Helena Marine Service, Inc. v. Sioux City*, 564 F.2d 15 (C.A.8, 1977); cert. denied 435 U.S. 1006, 98 S.Ct. 1875, 56 L.Ed.2d 387; *Universal Towing Company v. Barrale*, 595 F.2d 414 (C.A.8, 1979).

petition is granted the Court proceeds to distribute the fund among the claimants.[5]

■■■ The primary purpose of the limitation of liability proceedings is not to prevent the filing of multiple suits, but rather ". . . to provide a marshalling of assets—the distribution *pro rata* of an inadequate fund among the claimants, none of whom can be paid in full." [6] This entire proceeding in admiralty is conducted without a jury. If plaintiffs are allowed to bring their claim under 28 U.S.C. Section 1333 and the appropriate common—law remedy authorizes a jury, then the claims would be heard by a jury. When there is a conflict between the use of the limitation proceedings and the use of the "saving to suitors" clause the Court must reconcile the Claimant's interest under Section 1333 with the purposes of the Limitation of Liability Act.

■■■ Pursuant to this process of reconciliation, the courts have permitted claimants to pursue their suits in the forum of their choice when the fund exceeds the aggregate amount of all claims subject to certain stipulations designed to secure the shipowner's rights to limitation.[7] The crucial point which moves the Court to authorize prosecution of a claim(s) outside the limitation proceedings under the "saving to suitors" clause is the adequacy of the fund *vis a vis* the aggregate amount of the filed claims or the prospective *bona fide* claims at the moment the petition is filed.[8] When the Court which issued the injunction determines that the fund is adequate to meet the demands filed and the prospective claims, it is no longer necessary to provide for a concourse in the limitation proceedings so as to permit an equitable distribution of the available funds.[9] Hence, it seems that the only material consideration in determining whether the limitation proceedings will supersede the claimant(s) rights under the "saving to suitors" clause is whether the fund is sufficient to meet all demands.

Defendants' attempt, in the present case, to distinguish between a single party and multiple parties is immaterial. Likewise, plaintiffs' emphasis on their rights to trial by jury and a deprivation of this right if the limitation proceedings remain in effect is equally immaterial.[10]

■■■ Applying the law to the facts in the instant case, we find that the best course available to preserve plaintiffs' right to prosecute their claims is to hold defendants' motions to dismiss in abeyance until the Court handling the Limitation of Liability proceedings decides whether the injunction now in effect should be modified so as to relieve the plaintiffs of its effects permitting them to prosecute this civil suit; or whether the injunction should remain in full force and effect in which case we shall dismiss this case with prejudice.

In view of the foregoing, all proceedings are stayed in this case, pending modification or continued enforcement of the injunction issued in Civil Number 79–1380.

IT IS SO ORDERED.

**5.** *Farrell Lines Inc. v. Jones*, 530 F.2d 7 (C.A.5, 1976).

**6.** Petition of *Moran Transp. Co. v. Mellino*, 185 F.2d 386, 389 (C.A.2, 1950), 1951 A.M.C. 66, cert. denied 340 U.S. 953, 71 S.Ct. 573, 95 L.Ed. 687 (1950); *The Aquitania*, 14 F.2d 456, 1926 A.M.C. 1071 (S.D.N.Y.1926) aff'd 20 F.2d 457, 1927 A.M.C. 1320 (C.A.2, 1927); *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957). But see also *Rodríguez Ema, supra*, at p. 1290.

**7.** *Pennell v. Read*, 309 F.2d 455 (C.A.5, 1962); *Lake Tankers, supra* at p. 149. These stipulations usually concede the sufficiency of the

fund to meet the demands of the claimants, waiver of any claim for *res judicata* to the relevant issue of exoneration from liability, concede the right of the federal court to try all issues of limitation of liability.

**8.** *Miss New York*, 1941 A.M.C. 569 (S.D.N.Y. 1941), 3 *Benedict on Admiralty*, Section 12 (7th Ed.)

**9.** *Lake Tankers v. Henn, supra* at pp. 152–154.

**10.** 3 *Benedict on Admiralty*, Sections 51 and 52 (7th Ed.); *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546 (C.A.5, 1960).