710 F.Supp. 404 (1989)
In the matter of the complaint of ARMATUR, S.A., and Tourship Co., S.A. as owners and operators of the M/V "A. Regina," for limitation of liability, Petitioners.
René SIRAGUSA, Maria Luisa Avila, Plaintiffs,
v.
STANDARD STEAMSHIP OWNERS PROTECTION and Indemnity Association (Bermuda), Ltd., Defendants.
Civ. No. 85-1674 HL, 85-1200, 85-1202, 85-1250, 85-1933, 85-1942, 86-980 HL.
United States District Court, D. Puerto Rico.
April 10, 1989.
Harry Ezratty, San Juan, P.R., for plaintiffs.
Calvesbert & Brown, San Juan, P.R., Jose E. Alfaro Delgado, for defendants.

OPINION AND ORDER
LAFFITTE, District Judge.
This case encompasses the litigation over the grounding of the M/V "A. Regina" on a reef near Mona Island. The main action involved the petition for limitation of liability filed by the owners and operators of the M/V "A. Regina," ("the petitioners") pursuant to the Limitation of Liability Act, 46 U.S.C.A. App. § 181 et seq. Pursuant to the Act, this Court issued the customary monition, calling for all claims to be filed within the limitation proceeding, and the corresponding injunction against the continued prosecution of any claim against the petitioners filed outside of the limitation proceeding. See Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F. All claims filed within the limitation proceeding have now been settled extrajudicially. Two claimants, however, filed a separate action alleging both admiralty and diversity jurisdiction. This action, although consolidated with the main action, has not settled and will proceed to trial.
Before the Court now is the petitioners' motion to strike the demand for jury trial made by these two remaining claimants, René Siragusa and Maria Luisa Avila. A critical factor in our decision on this motion is that the petition for limitation of liability was denied in our Amended Opinion and Order dated September 15, *405 1988. 710 F.Supp. 390. Had we granted the petition and limited the petitioners' liability, the plaintiffs' claims would be tried within our admiralty jurisdiction, and without a jury.[1] But we no longer are presiding over a proceeding which is necessarily within our exclusive admiralty jurisdiction, and so are free to determine claims that may carry with them a jury right.[2]See Hartford Accident & Indemnity Co. v. Southern Pac. Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612 (1927) (holding that a federal district court retains jurisdiction even after a denial of a petition for limitation of liability), and Wheeler v. Marine Navigation Sulphur Carriers, 764 F.2d 1008 (4th Cir.1985) (suggesting that a court may not deny a jury trial to a claimant following the denial of a limitation of liability).
Fed.R.Civ.P. 9(h) is the remaining linchpin to our decision on the motion to strike the jury demand. It states, in relevant part:
A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rule 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims. [emphasis added].
The merger of the admiralty and law jurisdictions was the raison d'etre of Rule 9(h). After the merger, there still had to be some way for an admiralty claim to be identified, so that the special admiralty procedures could be applied to that claim. The drafters' task was to "provide some device for preserving the present power of the pleader to determine whether these historically maritime procedures shall be applicable to his claim or not." Advisory Committee Notes to Fed.R.Civ.P. 9(h). That device is Rule 9(h). It operates as "an identification mechanism" whereby the plaintiff can designate his claim as an admiralty or maritime claim, and enjoy the particular benefits available to such claims even after the merger of all claims formerly cognizable as claims at law or in equity or in admiralty into the "civil action." See Fed.R.Civ.P. 1 & 2. See also 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil sect. 1313 (1969); T.N.T. Marine Service v. Weaver Shipyards, 702 F.2d 585, 586-87 (5th Cir.1983) (discussing the "special treatment" accorded to admiralty claims).
One general principle we glean from Rule 9(h) jurisprudence is that Rule 9(h) gives to the plaintiff the right to characterize a claim having two possible bases of jurisdiction as either an admiralty claim or an ordinary civil claim. Rule 9(h) "permits a plaintiff whose claim is cognizable under either jurisdiction to identify his claim as an admiralty claim to obtain certain procedural benefits traditionally available under admiralty jurisdiction." Carey v. Bahama Cruise Lines, 864 F.2d 201, 206 (1st Cir. 1988). See also Durden v. Exxon Corp., 803 F.2d 845, 849 n. 10 (5th Cir.1986) (discussing "the preservation in Rule 9(h) of the plaintiff's right to choose the procedural consequences of a civil or admiralty action"); Alaska Barite Company v. Freighters Incorporated, 54 F.R.D. 192, 194 (N.D.Cal.1972) ("The purpose of Rule 9(h) is to allow the moving party who could either bring suit under admiralty or civil law to clearly elect which form of proceeding *406 he chooses").[3] The plaintiff, then, rules the roost when it comes to Rule 9(h) designations.[4]
There are limits, however, on a plaintiff's ability to change a 9(h) designation once it is made. One limitation is that a plaintiff, in amending his 9(h) designation, must abide by Fed.R.Civ.P. 15, which regulates the amendment of pleadings. See Moser v. Texas Trailer Corp., 623 F.2d 1006 (5th Cir.1980). Another is that, once a plaintiff has demanded a jury, and therefore has not designated his claim as an admiralty claim under 9(h), he cannot subsequently withdraw the jury demand and designate his claim as one in admiralty, without abiding by Fed.R.Civ.P. 39(a), which requires all parties to stipulate to the withdrawal of a jury demand. See, e.g., Johnson v. Penrod Drilling Co., 469 F.2d 897 (5th Cir.1972), on reh'g., 510 F.2d 234 (5th Cir.1975), cert. denied, 423 U.S. 839, 96 S.Ct. 68, 46 L.Ed.2d 58 (1975), overruled on other grounds, Culver v. Slater Boat Co., 688 F.2d 280 (5th Cir.1982) (en banc); Banks v. Hanover Steamship Corporation, 43 F.R. D. 374 (D.Md.1967). Cf. McCrary v. Seatrain Lines, Inc., 469 F.2d 666 (9th Cir. 1972) (plaintiff, in withdrawing jury demand, need only abide by Fed.R.Civ.P. 15); Rachal v. Ingram Corp., 795 F.2d 1210 (5th Cir.1986) (if defendant has no independent basis for right to jury trial, e.g., if only the plaintiff had the right to a jury on his Jones Act claim, plaintiff can withdraw jury demand without abiding by Rule 39(a)).
The issue before us involves deciding if a designation pursuant to Rule 9(h) was made in plaintiffs' complaint. The jurisdictional allegations in plaintiffs' complaint at issue here are: "this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. 1332, 28 U.S.C. 1333, Rule 9(h) and the general maritime law." Section 1332 of Title 28 of the U.S.Code grants this Court its diversity jurisdiction; Section 1333 gives us our admiralty jurisdiction. Defendants, in their motion to strike the demand for jury trial, essentially argue that the mere mention of Rule 9(h) in the jurisdictional allegations in plaintiffs' complaint indicates that plaintiffs definitively designated their claims as admiralty claims, and in so doing waived any right to a jury trial.[5]
A 9(h) designation requires more, however, than simply alleging "Rule 9(h)."
If the pleading shows that both admiralty and another basis of federal jurisdiction exist, the suit will be treated as an admiralty claim for purposes of invoking the special admiralty procedures and remedies only if the pleading or count setting forth the matter contains a statement identifying the claim as an admiralty or maritime claim.... If he wishes the rules governing civil actions to apply, he need not so specify. [emphasis added].
5 Wright & Miller, supra, at Civil sect. 1313. A plaintiff must make an affirmative designation for the admiralty procedures and remedies to apply, but need not do so if he wants the ordinary civil rules to apply. "Indeed, `the weight of authority' favors an explicit identifying statement in *407 accordance with Rule 9(h) in order for the pleader to invoke the special procedures in admiralty." Harrison v. Glendel Drilling Co., 679 F.Supp. 1413, 1418 (W.D.La.1988), citing 2A Moore Federal Practice, sect. 9.09 at 9-90 (1987). See also Fed.R.Civ.P. Official Forms 2(d) & 15 (which suggest that a plaintiff wanting to invoke the benefits of admiralty should include this statement: "This is an admiralty or maritime claim within the meaning of Rule 9(h)").[6] Relevant, too, is what is not considered to be a Rule 9(h) designation.
An allegation that the claim is within the admiralty and maritime jurisdiction does not automatically make it an admiralty and maritime claim, within the meaning of Rule 9(h), if the claim is also within the jurisdiction of the district court on some other ground. A statement identifying the pleading as an admiralty and maritime claim is necessary. (emphasis in text).
Banks v. Hanover Steamship Corporation, 43 F.R.D. 374, 376-77 (D.Md.1967).
A second principle of 9(h) jurisprudence is, then, that invoking the special admiralty procedures and remedies requires an affirmative statement, while the rules governing civil actions (most notably for the instant case, the rules regarding the right to a jury) apply in the absence of such a statement. Invoking the ordinary civil rules does not, on the other hand, require any affirmative statement.
In light of the scarcity of First Circuit case law on Rule 9(h), we have examined the Fifth Circuit's Rule 9(h) jurisprudence, the only circuit with a substantial amount of case law interpreting this provision. Most of the cases require some sort of identifying statement. Where a complaint in one case alleged diversity jurisdiction but also stated: "This is also a suit for breach of a maritime contract and for maritime tort," the Fifth Circuit held that a Rule 9(h) designation had been made. T.N. T. Marine Service v. Weaver Shipyards, 702 F.2d 585 (5th Cir.1983). The Court found the above quoted language to be the identifying statement provided for in Rule 9(h), and that there is no right to a jury trial if a complaint contains such a statement, even if diversity jurisdiction exists as well. The court added that the preferable technique would be to expressly invoke Rule 9(h), but that a plaintiff could not, as the plaintiff did in this case, have its claims heard to a judge, and then complain on appeal about its right to a jury trial. See also Smith v. Pinell, 597 F.2d 994 (5th Cir.1979) (allegation that case was of admiralty and maritime jurisdiction insufficient to invoke Rule 9(h)); Harrison v. Glendel Drilling Co., 679 F.Supp. 1413, 1417-19 (W.D.La.1988) ("where the complaint shows that both admiralty and some other basis of federal jurisdiction exists, the plaintiff must employ an `identifying statement' in accordance with Rule 9(h) in order to be entitled to the special benefits afforded to admiralty litigants").
In one leading case, however, the mere mention of Rule 9(h) was sufficient to make plaintiffs' claims ones in admiralty and fatal to a plaintiff's demand for a jury trial. Romero v. Bethlehem Steel Corporation, 515 F.2d 1249 (5th Cir.1975). Romero's complaint alleged both admiralty and diversity jurisdictions, described its claims as based upon negligence in accord with the general maritime law and upon unseaworthiness in accord with Rule 9(h), but demanded a trial by jury. Later, Romero's attorney specifically amended the pretrial order so that it alleged that jurisdiction was based upon diversity as well as on admiralty. He also appeared to select a jury, only to be informed that the case was *408 on the non-jury list. On the day of trial, Romero moved for mistrial on the ground that he was entitled to a jury. The district court denied the motion, and was upheld on appeal. The court essentially held that because Romero had never amended his complaint to withdraw the reference to Rule 9(h), he was anchored in an admiralty action and could not have his claims heard by a jury.
The allegations of the complaint and the subsequent actions of Romero's attorney make it far from unequivocal that Romero intended to designate his claim as one in admiralty. As discussed above, Rule 9(h) gives to the plaintiff the choice to have his claim designated as an admiralty claim; that choice should not be forced upon him. Moreover, the choice to designate a claim as an admiralty claim requires an affirmative statement; if that statement is not made, the rules regarding civil actions, and not those governing admiralty actions, should apply. The court in Romero finds compelling that Romero "persistently refused to seek an amendment aimed at withdrawing the admiralty identification," while ignoring that Romero did not make an explicit identifying statement and also that he persistently requested a trial by jury.
Similarly, in another Fifth Circuit case the plaintiff, simply by waiving his request for a jury trial, was deemed to have elected to proceed in admiralty. Doucet v. Wheless Drilling Co., 467 F.2d 336 (5th Cir. 1972). No statement identifying the claim as one in admiralty was made, nor was Rule 9(h) invoked.
Defendants in the instant case, citing Romero as authority, argue that invoking Rule 9(h) denies plaintiffs a right to a jury trial. In making this argument, defendants ignore the other indications in the same complaint that plaintiffs did not intend their claims to be designated admiralty claims. Under defendants' application, Rule 9(h) changes from a plaintiff-friendly device by which plaintiffs can, if they so choose, utilize the special benefits provided admiralty claims, into a sort of samurai sword that plaintiffs are likely, if not super-cautious, to use to commit harakiri on their own claims by forfeiting a right to a jury trial that they had intended to preserve.
We refuse to so pervert Rule 9(h) and the two principles we have gleaned from the Rule 9(h) jurisprudence: (1) that plaintiffs and not defendants are the ones with the opportunity to designate a claim as one in admiralty and (2) that this designation must be in the form of an affirmative "identifying statement." In the caption of plaintiffs' complaint, a trial by jury is demanded. We interpret this demand as plaintiffs' not choosing to designate their claim as one in admiralty, since admiralty claims generally do not provide for a jury trial. Moreover, despite the listing of "Rule 9H," in plaintiffs' complaint there is no explicit statement identifying the claims as admiralty or maritime claims. Plaintiffs' citing of Rule 9(h), without any identifying statement, would not, therefore, according to some of the case law, be sufficient to identify their claims as ones in admiralty. We find, therefore, that this mention of Rule 9(h), although careless, is not fatal to plaintiffs' right to a jury trial, otherwise so unequivocally requested in the caption of the complaint. We add that the best practice, if a plaintiff wants to designate a claim as an admiralty claim, is to include a statement which identifies the claim as an admiralty or maritime claim within the meaning of Rule 9(h).
Because we find that plaintiffs did not intend to characterize their claims as admiralty claims within our admiralty jurisdiction, we can distinguish Americana De Puerto Rico v. Transocean Tankers Corporation, 317 F.Supp. 798 (D.P.R.1969), in which the court, granting defendant's motion to strike plaintiff's jury demand, found that "[t]here is no doubt that plaintiff, through the allegations of its complaint[,] has clearly chosen to assert and identify its claim for relief as an admiralty or maritime claim within the meaning of Rule 9(h)." We can make no such finding here. Instead, we deny petitioners' motion to strike the jury demand. Plaintiffs shall have *409 their claims heard by a jury.[7]
WHEREFORE, petitioners' motion to strike demand for jury trial is hereby DENIED.
IT IS SO ORDERED.
NOTES
[1] There are two exceptions to the general rule that there is no right to a jury in limitation actions. The first is when the limitation fund exceeds the value of all claims, and the second is when there is only a single claimant. See Newton v. Shipman, 718 F.2d 959, 962 (9th Cir. 1983). In these two instances, there is no need to accomplish the primary purpose of a limitation of liability proceeding, which is to provide for "the distribution pro rata of an inadequate fund among claimants." In Re Moran Transport Co., 185 F.2d 386, 389 (2nd Cir.1950).
[2] The potential conflict between the non-jury limitation of liability proceeding and a jury trial right on a diversity or "saving to suitors" based claim did not materialize in the instant case, because of our denial of the petition to limit liability. See Ruiz v. Puerto Rico Sun Oil Co., 497 F.Supp. 298 (D.P.R.1980) and Complaint of Cameron Boat Rentals, Inc., 683 F.Supp. 577, 582 n. 6 (W.D.La.1988), for discussions on how to resolve such a conflict.
[3] This general principle accords with our holding above that an unsuccessful petition for limitation of liability also should not operate to deny a plaintiff's choice that his action be within our civil jurisdiction and carry with it a right to a jury trial.
[4] That the choice under Rule 9(h) belongs to the plaintiff is most marked in those cases where a plaintiff has designated his claim as an admiralty claim under Rule 9(h), thereby electing the special admiralty procedures, one of which is a non-jury trial, and the defendant demands a jury. The plaintiff's Rule 9(h) designation reigns supreme, and will operate to deny the defendant a right to jury trial he might otherwise have had. See, e.g., Harrison v. Flota Mercante Gran Colombiana, S.A. 577 F.2d 968 (5th Cir.1978); McCrary v. Seatrain Lines, Inc., 469 F.2d 666 (9th Cir.1972); Hails v. Atlantic Richfield Co., 595 F.Supp. 948, 951-52 (W.D.La. 1984); Insurance Co. of North America v. Virgilio, 574 F.Supp. 48, 50-51 (S.D.Cal.1983); Arkwright-Boston Mfrs. Mut. Ins. v. Bauer Dredging, 74 F.R.D. 461 (S.D.Tx.1977); Alaska Barite Co. v. Freighters, Inc., 54 F.R.D. 192 (N.D.Cal.1972).
[5] In a civil action either party may demand a jury trial, while a suit in admiralty carries with it no right to a jury except as provided by statute. Advisory Committee Notes to Rule 9(h), Federal Rules of Civil Procedure.
[6] Requiring affirmative allegations, similar to the identifying statement required in Rule 9(h), is by no means foreign to the realm of federal jurisdiction. When diversity of jurisdiction is pleaded, the citizenship of the parties must be "distinctly and affirmatively alleged." 2A Moore's supra, sect. 8.10 at 1662. See also In Re N-500L Cases, 502 F.Supp. 60, 62 n. 2 (D.P.R. 1980); Baker v. Murphy, 495 F.Supp. 462, 464 (D.P.R.1980); 5 Wright & Miller, supra, at Civil Sect. 1208 (allegation that parties of different states not sufficient). Fed.R.Civ.P. 9(b) requires that averments of fraud or mistake be pleaded with particularity; Fed.R.Civ.P. 9(g) requires that special damages be specifically stated; Fed. R.Civ.P. 38 regulates when and how a demand for a trial by jury must be made.
[7] In our Opinion and Order filed on September 2, 1987, in which we denied petitioners' motion to dismiss the claims of René Siragusa and María Luisa Avila, we discussed the very issue that is before us now. There, we stated: "The underlying claim [of René Siragusa and María Luisa Avila], in turn, appears to be a common law action for negligence and unseaworthiness based on diversity jurisdiction. Though both the admiralty and diversity jurisdiction statutes are listed, 28 U.S.C. sects. 1333 and 1332 respectively, and the general maritime law of the United States is invoked, admiralty jurisdiction is not specifically identified by statement. See F.R.C.P. 9(h). Where both bases of jurisdiction lie, and an admiralty proceeding is not specifically identified, the Court may assume claimant wishes the rules governing civil actions to apply. Wright & Miller, Federal Practice and Procedure, sect. 1313. Moreover, a trial by jury is demanded, a demand inconsistent with admiralty jurisdiction."